## GREEN v. WILDING.

1. **Infant: CONTRACT OF: RULE OF LAW.** When the court can pronounce the contract of an infant to be to his prejudice, it is void, and when to his benefit, as for necessaries, it is good; and when the contract is of an uncertain nature as to benefit or prejudice, it is voidable only at the election of the infant; but that election must be exercised within a reasonable time after attaining majority.

2. ——:——: DISAFFIRMANCE: REASONABLE TIME. What is a reasonable time after majority, under section 2238 of the Code, within which an infant may disaffirm a contract made in infancy, depends upon the circumstances of each case. But as the plaintiff in this case did not attempt to disaffirm his conduct except by bringing this action, and did not bring this action until three years and eight months after attaining her majority, and three months after being legally advised that she could disaffirm, *held* that the action was not brought within a reasonable time. The fact that she was informed by persons not qualified to give legal advice that she could not bring her action until her infant brother became of age, was not, in the eye of the law, a sufficient reason for the delay.

*Appeal from Pottawatamie District Court.*

SATURDAY, OCTOBER 21.

THIS is an action in equity to compel the defendant to reconvey to the plaintiff the undivided one third of a certain eighty acres of land. The court dismissed the plaintiff's petition. The plaintiff appeals. The facts are stated in the opinion.

*Ament & Simms,* for appellant.

*Wright & Baldwin,* for appellee.

DAY, J.—In 1869, one C. H. Barton died, seized of the land in question, leaving his widow, Rebecca Barton, and his children, Charles B. Barton, and the plaintiff his sole legal heirs. On the 19th day of February, 1872, Rebecca, Ida, and Charles Barton, for the consideration of $800, conveyed the

land in controversy, to the defendant. At the time of this conveyance the plaintiff was thirteen or fourteen years of age, and Charles Barton was younger. No order of court was obtained appointing a guardian of the minors, or directing the sale of the real estate in question. The purchase was made by the defendant at the urgent solicitation of Rebecca Barton, and upon her representation that she could not otherwise maintain, educate, and clothe her children. It does not appear but that the price paid was the full value of the land at the time of the purchase. The purchase price was paid to Rebecca Barton. The plaintiff lived with her mother until her marriage in September, 1877. The plaintiff was born in March, 1858, or 1859. This action was commenced on the 14th day of of November, 1880, when the plaintiff was either twenty-one years and eight months, or twenty-two years and eight months of age. She assigns as a reason why she did not commence the action sooner, that she was advised by her neighbors, and her mother, that she could not bring the action until her brother, who is still a minor, became of age. It does not appear that she applied for, or received, any legal advice upon the subject. She commenced the action about three months after she was advised by one McCoid, that she could do so.

I. It is insisted that the plaintiff's deed was without consideration, and is therefore void. The consideration was paid to the plaintiff's mother, and it is not shown to have been inadequate. The plaintiff resided with her mother until her marriage, and it does not appear but that she received the full benefit of the consideration in her support and education. The rule respecting the contract of an infant is as follows: "That when the court can pronounce the contract to be to the infant's prejudice, it is void, and when to his benefit, as for necessaries, it is good; and when the contract is of an uncertain nature, as to benefit or prejudice, it is voidable only, at the election of the infant." *Keane v. Baysott*, 2 H. Black, 511; 2 Kent's Com., 193; *Wheaton v. East*, 5 Yerg., 41.

The case of *Luafford v. Ferguson*, 31 American Reports, 369, S. C., 3 Lea, 292, cited and relied upon by appellant, is one in which there was no consideration whatever for the conveyance of the infant. The conveyance in this case, in our opinion, was not void, but voidable, at the election of the plaintiff within a reasonable time after attaining her majority. See Code, § 2238.

II. The only act of disaffirmance which the plaintiff did in the case was the commencement of this suit, which was either four years and eight months or three years and eight months after she attained her majority. In *Wright v. Germain*, 21 Iowa, 585, it was held that an act of disaffirmance about two years after the plaintiff attained majority was too late, although during the last year of that time he had been in the military service of the United States. In *Jones v. Jones*, 46 Iowa, 466, it was held that an act of disaffirmance about six months after attaining majority was not, under the circumstances, within a reasonable time. What is a reasonable time within the meaning of the statute depends upon the circumstances of each case. *Jenkins v. Jenkins*, 12 Iowa, 195. In this case the only excuse offered for the great delay is that the plaintiff was informed by her mother and neighbors that she could not disaffirm the contract until her brother became of age. She, however, did not take legal advice; and she waited at least three months after she was informed that she could disaffirm the contract, before she commenced the action. In our opinion the plaintiff's act of disaffirmance was not within a reasonable time. The judgment is

AFFIRMED.