SARAH J. WARD, APPELLANT, V. ALEXANDER LAVERTY ET AL., APPELLEES.

1. **Infant:** MARRIAGE DURING NONAGE. Where a female marries while under sixteen years of age, and continues to cohabit with her husband after arriving at that age, her minority ends, and she is legally qualified to convey her real estate by deed.

2. ———: DISAFFIRMANCE OF DEED. A minor who has conveyed his real estate must disaffirm the deed within a reasonable time after coming of age or be barred of that right.

APPEAL from the district court of Seward county. Heard below before NORVAL, J.

*Samuel J. Tuttle,* for appellant, cited: *Prout v. Wiley,* 28 Mich., 167. *Irvine v. Irvine,* 9 Wall., 617.

*Leese Bros.,* for appellees Foresmans and Cattle, cited: 1 Broom & Hadley's Com., § 524, and cases cited. Bingham on Infancy, 65. *Jones v. Jones,* 46 Iowa, 466. *Prout v. Wiley,* 28 Mich., 164. *Wamsley v. Crook,* 3 Neb., 352.

MAXWELL, CH. J.

In May, 1873, the plaintiff, being then about fourteen years of age, was married to J. G. Ward, and they have

lived together continuously from that time until the present as husband and wife. In February, 1876, she, as the minor heir of Abagail Henderson, deceased, became vested by a patent from the United States of the title to the east half of the south-west quarter of section twenty-four, township twelve, range three, in Seward county, and in January, 1877, while living on said land with her husband, she sold and conveyed the same to one Laverty, who conveyed to one Whitney, who was in possession when this action was commenced. On the trial of the cause the court found: "That plaintiff, on the 16th day of May, 1873, was married to J. G. Ward, and continuously from thence hitherto they have lived together as husband and wife; and that said Sarah J. Ward, on the 20th day of January, 1877, being at that time more than seventeen years old, and at the time residing on said real estate with her husband, for a fair and valuable consideration sold and conveyed said real estate to the defendant Laverty, her said husband joining with her in said conveyance; that thereafter plaintiff, with her husband, resided on said real estate as the tenants of said Laverty, and after the said plaintiff had arrived at the age of eighteen years, she, with her husband, vacated said real estate, and turned the possession thereof over to the said Laverty."

The court rendered judgment in favor of the defendants, and dismissed the action. The plaintiff appeals.

This action was brought October 15th, 1881. Two questions are presented: 1st. The authority of the plaintiff to execute the deed to Laverty; and 2d. Her right to disaffirm the conveyance when she became eighteen years of age.

Sec. 1, chap. 52, Comp. Statutes, provides that, "in law marriage is considered a civil contract, to which the consent of parties capable of contracting is essential."

Sec. 2. "At the time of marriage the male must be of the age of eighteen years or upwards, and the female of the age of sixteen years or upwards."

Sec. 1, chapter 34, provides that, "all male children under twenty-one, and all females under eighteen years of age, are declared to be minors ; but in case the female marries between the age of sixteen and eighteen, her minority ends."

Sec. 33, chapter 25, provides that, "a petition to annul a marriage on the ground that one of the parties was under the age of legal consent, may be exhibited by the parent or guardian entitled to the custody of such minor, but in no case shall such marriage be annulled on the application of a party who was of the age of legal consent at the time of the marriage, nor when it appears that the parties, after they had attained the age of consent, had freely cohabited as man and wife."

Sec. 2, chapter 53, provides that, "a married woman, while the marriage relation subsists, may bargain, sell, and convey her real and personal property, and enter into a contract with reference to the same in the same manner and to the same extent and with like effect as a married man may in relation to his real and personal property."

Sec. 42, chapter 73, provides that, "any real estate belonging to a married woman may be managed, controlled, leased, devised, or conveyed by her, by deed or by will, in the same manner and with like effect as if she were single."

It will be seen that the statute declares that in case the female marries between the age of sixteen and eighteen years her minority ends. The same result will follow if she marries while under sixteen years of age and continues to live with her husband until after she is sixteen years of age. The marriage of a female under sixteen years of age is not void, but voidable only at her election at any time before she arrives at the age of legal consent. If the parties separate during such nonage, and do not cohabit together afterwards, the marriage is voidable. Sec. 2, chap. 25, Comp. St., provides that, "If, however, the parties continue to live together as husband and wife after the

parties arrive at the age of legal consent, it is an affirmance of the marriage and it can thereafter be dissolved only for some of the causes which entitle the parties to a divorce."

It is claimed by the appellant, that sec. 1, chap. 34, Comp. Stat., that if a "female marries between the age of sixteen and eighteen her minority ends," applies alone to such females as marry while they are between sixteen and eighteen years of age. This, certainly, would be a very narrow construction to give the statute. In no case can it be said that a marriage which has taken place while the female was under sixteen years of age is beyond the power of revocation until she has arrived at the age of sixteen and has affirmed it by continued cohabitation with her husband. It is then a perfect marriage and beyond the power of the parties to revoke the same because of nonage. The marriage being affirmed, the wife ceases to be a minor, and may enter into contracts in relation to her separate estate in the same manner as her husband. The deed in this case, therefore, being executed when the wife was about seventeen years of age, is valid and binding upon her.

2d. But even if the plaintiff had been a minor when this conveyance was made, still the record shows that she accepted a lease from Laverty and continued to reside on said premises until after she was eighteen years of age, when, with her husband, she voluntarily surrendered possession to her grantee, and there is no evidence that she attempted to disaffirm her deed until she brought this action.

While there is some conflict in the authorities as to the length of time within which a minor after coming of age may disaffirm a contract, we think the better rule is, that it must be within a reasonable time. *Jenkins v. Jenkins*, 12 Iowa, 195. *Wright v. Germain*, 21 Id., 585. *Jones v. Jones*, 46 Id., 466. *Green v. Wilding*, 59 Id., 679.

In *Goodnow v. Empire Lumber Co.*, 31 Minn., 468, the supreme court of Minnesota held that a minor who ex-

ecutes a conveyance of real estate must disaffirm it within a reasonable time after he comes of age or be barred of the right to do so. The opinion contains a very full citation of authorities both for and against the proposition and the subject is ably discussed. It is said, "the right of a minor to disaffirm on coming of age, like the right to disaffirm in any other case, should be exercised with some regard to the rights of others—with as much regard to those rights as is fairly consistent with due protection to the rights of the minor." This, we think, is a fair statement of the law. In a number of the cases cited it was held three years was not within a reasonable time, and we must so hold. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.