CASE 74—PETITION EQUITY—JANUARY 19.

# Hoffert v. Miller.

APPEAL FROM KENTON CHANCERY COURT.

1. THE DEED OF AN INFANT CONVEYING REAL ESTATE, when any valuable consideration passes to him, is not absolutely void, but voidable merely, and he has an election, after his disability is ended, to affirm or avoid it. It is not necessary that he should execute a new deed or re-acknowledge the original one in order to confirm it, but something more than bare recognition or silent acquiescence is necessary to a binding confirmation, unless prolonged for the period of statutory limitation.

2. LIMITATION.—A grantor can not, after ten years from his arrival at full age, maintain an action to avoid and set aside a deed executed by him while an infant. No period of limitation being *specially* provided for such an action, section 9 of article 3, chapter 71, General Statutes, applies, since that section provides that any action not otherwise provided for " can only be commenced within ten years next after the cause of action accrued." And where the estate conveyed was a remainder, the running of the statute against the action to set aside the deed is not postponed until the death of the life tenant, but begins immediately upon the arrival of the grantor at full age.

SIMMONS & SCHMIDT AND COLLINS & FENLEY FOR APPELLANT.

1. The deed of an infant is not void, and may be confirmed by acts *in pais* after arriving at full age. (5 Monroe, 351, Phillips v. Green; I J. J. M., 248, Breckinridge v. Ormsby; 11 Bush, 138, Robinson v.

Hoffert v. Miller.

Robinson; 7 Bush, 465, Davol v. Graves; 5 Bush, 490, Middleton v. Hoye; 8 B. M., 168, Meriweather v. Herran.)

2. The right to avoid a contract made during infancy must be exercised without unreasonable delay. (Tyler on Infancy, 62, 72-3; 3 Vermont, 353, Bigelow v. Kinney; 52 Miss., 291, Wallace v. Latham; 7 Bush, 417, Petty v. Roberts; 102 U. S., 300, Sims v. Everhart.)

3. The deed of an infant being voidable only, an action to set it aside must be brought within ten years from execution. (1 Duvall, 271, Salve v. Ewing; 17 B. M., 669, Graves v. Leathers.)

4. No other period of limitation being prescribed in the statute, sec. 9, art. 3, chap. 71 of Gen. Stat. applies.

WM. GOEBEL FOR APPELLEE.

Time alone will not confirm the deed of an infant. There must be some act of affirmance. (Parsons on Contracts, vol. 1, p. 324; 23 Maine, 523, Boadley v. McKenley; 24 Mo., 541, Peterson v. Laik; 56 Mo., 208, Heeth v. Raetrody; 14 Johnson, 124, Jackson v. Burchen; 15 Ohio, 193, Coesenger v. Lessee, &c.; 7 Dana, 521, Myers v. Sanderson; 8 B. M., 166, Meriweather v. Herran.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

July 11, 1868, Mary Miller, entitled, under the will of her husband, John Miller, to a life estate, and his sons, Winchans, Ambrose and Charles L. Miller, entitled to the fee in remainder, by a joint deed conveyed their respective interests in a lot of land, for the recited consideration of three hundred dollars, to William Hoffert and John Pletscher, who then entered into possession.

This action was instituted August 19, 1884, by Ambrose Miller and Charles L. Miller, against Hoffert, Pletscher and the wife and children of the latter, to whom a conveyance of an interest in the lot was made subsequent to 1868, to set aside and cancel the first-mentioned deed, and also the one made to Catherine Pletscher and her children, and to recover two-thirds of the lot, Mary Miller, the widow of John

Miller, having died in 1877. Two grounds are relied on in the petition for the judgment prayed for :

First. That the deed was procured by the fraudulent representations of the vendees and ignorance of the plaintiffs of the condition and value of the estate inherited from their father.

Second. That the plaintiffs were, at the date of the deed executed by them, infants.

As both the plaintiffs were of full age more than ten years before the commencement of this action, recovery for the alleged fraud is barred by the statute of limitation in such case provided. The evidence clearly shows that Ambrose Miller was more than twenty-one years of age when the deed of 1868 was executed, and the petition was as to him properly dismissed. But appellee, Charles L. Miller, as is both shown and admitted, then lacked about twenty days of being twenty-one years of age, and judgment was rendered in his favor for one-third of the lot.

The deed of an infant conveying real estate, where any valuable consideration passes to him, is, as well-settled by this court, not absolutely void, but voidable merely. (Phillips v. Green, 3 A. K. Mar., 7 ; Phillips v. Green, 5 Mon., 345 ; Breckinridge v. Ormsby, 1 J. J. M., 236.) And he has an election, after his disability is ended, to affirm or avoid it. To confirm, it is not indispensable that he should re-acknowledge the first or execute a new deed, but he may do so after full age by an act *in pais*. But conveyances of an infant are not so easily ratified as his purchases, and something more than bare recognition or silent acquiescence is necessary to a binding confirmation, unless prolonged for the

statutory limitation.    There must be some positive act,
or words of the minor, from which his assent of the
deed executed during his minority may be inferred.
(Tyler on Infancy and Coverture, 84 ; 2 Kent's Com.,
238 ; Wheaton v. East, 5 Yerger, 41.)

Says Story : " Without undertaking to apply this
doctrine to its fullest extent," that is, that the act after
full age should be of as great solemnity as the original
instrument, " and admitting that acts *in pais* may
amount to a confirmation of a deed, still we are of
the opinion that these acts should be of such a solemn
and unequivocal nature as to establish a clear intention
to confirm the deed, after a full knowledge that it
was voidable.  *A fortiori*, mere acquiescence, uncoup-
led with any acts demonstrative of an attempt to
confirm it, would be insufficient for the purpose."
(Tucker v. Moreland, 10 Peters, 75 ; Jackson v. Car-
penter, 11 Johnson, 542.)

But though voidable such a deed passes the title, and
some act on the part of the infant, after full age, is
necessary to be done to avoid and divest the estate.
(Philips v. Green, 5 Mon., 345.)

The evidence in this case shows no more than a mere
acquiescence on the part of the appellee.  The consid-
eration of one hundred dollars, being one-third of the
purchase price, was received by him when the deed
was executed, but his retention of it was not such an
act as amounted to a confirmation of the deed.  The
first act which can be regarded as an election by him
was the institution of this action, which was more
than fifteen years after he arrived to full age.  But as
the life-tenant did not die until 1877, when his right

to maintain an action for recovery of the property first accrued, it is manifest that if that was the only relief prayed for, or alone necessary to restore him to the enjoyment of the property, the action was commenced within the time allowed by the statute. But to recover the property he must set aside the deed which passed the estate to his vendees, and the single inquiry is whether he commenced the action in proper time for that purpose.

Within what time such an action must be commenced, and whether there is in fact any express statutory limitation on the subject, are questions not hitherto passed on by this court.

The authorities generally agree that the election to avoid such deed must be màde by the infant within a reasonable time after he arrives at full age. But what is a reasonable time can not be determined by any certain or fixed test, and must, therefore, be left for the discretionary determination of the court, which is not in accordance with the modern and wiser policy of our statutes, fixing in every case a definite limit to litigation, and a period at which owners of property may repose in security.

In Meriweather v. Herran, 8 B. Mon., 162, is this language: "The right of avoidance is still the same, founded in the infancy of the party, taking date from the moment of executing the contract, or, at any rate, from his arrival at full age, and subject to be defeated or lost by any act of confirmation or waiver, or by such continued acquiescence as may afford an implication of either, or by the failure to assert the right for such a length of time as in analogy to the statute of lim-

itations, and in view of its purpose of giving repose to society, should operate according to the principles and practice of a court of equity to prevent its future assertion."

It seems to us the necessity of resorting to analogy, and much less of depending upon the discretion of the court, as to whether the election has been made within a reasonable time, does not now exist, but that section 9, article 3, chapter 71, General Statutes, was intended and should be applied to a case of this kind. It is as follows: "An action for relief not provided for in this or some other chapter can only be commenced within ten years next after the cause of action accrued."

In our opinion, therefore, while a party may, before the expiration of that period, by act bind himself to a confirmation, he cannot, after ten years from his arrival at full age, maintain an action to avoid and set aside a deed made while an infant. And as this action was not commenced within that statutory limit, the court erred in rendering judgment for the plaintiff, and it is reversed, with directions to dismiss the petition.