A. B. JOHNSON v. ROBERT STORIE.

[FILED JULY 2, 1891.]

Infants: DISAFFIRMING CONTRACTS AFTER MAJORITY: REASON-
   ABLE TIME. An infant who had signed a note as surety dis-
   affirmed the contract a year and a half after coming of age.
   The court below found this was within a reasonable time. *Held*,
   That under the stipulation of facts in the case it did not appear
   that the judgment was erroneous.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*F. B. Donisthorpe,* for plaintiff in error, cited: *Ward v. Laverty,* 19 Neb., 429.

*Carson & Heltman, contra,* cited: Brandt, Suretyship, p. 4, sec. 3, p. 8, sec. 7; *Owen v. Long,* 112 Mass., 403; *Hinely v. Margaritz,* 3 Pa. St., 428; *Fetrow v. Wiseman,* 40 Ind., 148; *Prout v. Wiley,* 28 Mich., 164; 1 Parsons, Cont., 294, 324; *Green v. Wilding,* 59 Ia., 679; *Williams v. Perkins,* 21 Ark., 18; *N. H. F. Ins. Co. v. Noyes,* 32 N. H., 345; *Taft v. Sargeant,* 18 Barb. [N. Y.], 320; *Boody v. McKenney,* 23 Me., 517; *Tyler v. Fleming,* 35 N. W. Rep. [Mich.], 902; *Conrad v. Lane,* 26 Minn., 389; *Burley v. Russell,* 10 N. H., 184; *Gilson v. Spear,* 38 Vt., 311; *Studwell v. Chapter,* 54 N. Y., 249.

MAXWELL, J.

This is an action upon a promissory note. The defense is infancy. The case was submitted to the court below on the following stipulation of facts:

"It is hereby stipulated and agreed between the parties to the above entitled action, viz., the plaintiff, A. B. Johnson, and the defendant, Robert Storie, that the following are the facts in the above case, and that the cause is submitted to the court upon said stated facts.

" 1. That at the time the defendant Robert Storie signed the note upon which this action is brought he signed said note as surety only, for the defendant B. F. Brady.

" 2. That at the time said Robert Storie signed said note as surety for said Brady he was an infant under the age of twenty-one years.

" 3. That the said Robert Storie, at the time he signed said note, received no part of the consideration for which said note was given, nor did he receive any benefit from the same.

" 4. It is further agreed that at the time said note was executed it was made, executed, and delivered by said B. F. Brady to James Symes, with J. A. Storie as security on said note, and that the defendant, Robert Storie, did not sign said note when first delivered.

" 5. That about one week after the signing and delivery of said note, James Symes, the holder and payee of said note, desired to sell the same to the plaintiff, A. B. Johnson. That plaintiff refused to take said note unless it was signed by defendant, Robert Storie.

" 6. That the said James Symes then procured the signature of said Robert Storie as security to said note, and assigned the same to plaintiff before maturity thereof, and for a valuable consideration.

"7. That about eighteen months after said Robert Storie arrived at his majority, and before the commencement of this action, said Robert Storie, in a conversation with plaintiff's attorney at Ohiowa, Nebraska, stated that when he signed said note he was a minor and signed the note as surety, and did not have to pay it; but that he would try to hire said B. F. Brady to work for him, and apply his wages on said note. And if said ·B. F. Brady would not consent that his wages should be applied to the payment of his note, then plaintiff could garnishee his (Brady's) wages, and have them applied on said note.

"8. That the defendants B. F. Brady and J. A. Storie are insolvent, and that the defendant Robert Storie is solvent and possessed of considerable property.

"That after the said Robert Storie had arrived at his majority, and up to the time of said conversation with plaintiff's attorney, as above stated, he never had any conversation with plaintiff in regard to the note, although he knew that she was the owner of the said note."

The court below found for the defendant and dismissed the action. The question presented for determination is, Did the defendant disaffirm the contract within a reasonable time after coming of age? In *Ward v. Laverty*, 19 Neb., 429, where the party, three years after she reached her majority, sought to disaffirm a deed and claimed certain real estate previously conveyed by her, the court held that the disaffirmance was not within reasonable time and was unavailing. We are not prepared to say, however, that under the circumstances of this case, the defendant being a mere surety, that the disaffirmance was not within a reasonable time. The judgment must therefore be

AFFIRMED.

THE other judges concur.