## Henson, et al, v. Culp.

(Decided February 13, 1914.)

### Appeal from Marshall Circuit Court.

1. Infants—Deeds—Action to Set Aside—Coverture—Limitation.— In an action to set aside a deed on the ground of infancy, the ten year statute of limitations applies, but is not available as a defense when the infant was a married woman at the time of the execution of the deed, and the disability of coverture never was removed.

2. Infants—Deeds—Ratification—Estoppel.—Where an infant married woman sells and conveys her property, and after becoming of age agrees to make a new deed to her purchaser, and states that she has gotten every cent that she asked for the land and is perfectly satisfied and will never ask for more, and after attaining her majority, for a period of twenty years within which she could have united in a suit with her husband, and eighteen years within which she could have sued in her own name to set aside the deed, fails to disaffirm the deed, and stands by and sees her purchaser and his children make valuable and lasting improvements on the land, her conduct will amount to an affirmance and ratification of the deed, and will estop her from thereafter asserting any interest in the land.

SHEMWELL & REEDER and J. E. FISHER for appellants .

MILLER & MILLER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Prior to March 21, 1888, Rhoda A. Culp died intestate, the owner of a tract of land consisting of about 28 acres, and lying in Marshall County. She was survived by her husband, W. H. Culp, and one daughter, Rosa A. Culp, wife of W. J. Culp. The land referred to descended to Rosa A. Culp, subject to her father's curtesy therein. On March 21, 1888, Rosa A. Culp, together with her husband and father, conveyed the land to W. O. Henson. Rosa A. Culp was born October 23, 1870. At the time

of the execution of the deed she was an infant, being only 17 years and five months old. W. H. Culp, her father, lived until the year 1905. W. O. Henson, the grantee in the deed, lived several years and then died intestate, leaving surviving him a wife and several children.

On March 21, 1912, Rosa A. Culp brought this action against Elizabeth Henson and others, the wife and children of W. O. Henson, to set aside the deed in question and recover the lands therein conveyed. Defendants pleaded affirmance, estoppel and limitation. They also pleaded that they had erected improvements on the land, which had enhanced its vendible value to the extent of several hundred dollars. On final hearing the chancellor set aside the deed on the ground of infancy, and awarded the land to plaintiff. He fixed the value of the improvements at $750.00, and allowed plaintiff rent for eight years at $50 a year, and adjudged a lien in favor of defendants for the balance of $350.00. The defendants appeal.

This being an action to set aside a deed on the ground of infancy, the limitation period is ten years. Hoffert v. Miller, 86 Ky., 572. In this case, however, limitation is not available as a defense. Ever since the deed was executed plaintiff has been under the disability of coverture. The limitation referred to is fixed by section 2522, a part of article 3, chapter 71, General Statutes; and by section 2525, Kentucky Statutes, the limitation does not begin to run against a married woman for any of the causes of action mentioned in article 3, chapter 71, until the disability of coverture is removed. The Weissinger Act of March 15, 1894, conferring on a married woman the right to contract and sue and be sued in her own name, did not affect her status so far as the statute of limitations is concerned. Higgins v. Stokes, 116 Ky., 664; Sturgile v. C. & O. Ry Co., 116 Ky., 659; Onions v. C. & C., &c., B. Co., 107 Ky., 154.

On the question of affirmance and estoppel, Mrs. Elizabeth Henson, the widow of W. O. Henson, the purchaser, testified that about three years before she gave her evidence, and just a little while before plaintiff moved to Arkansas, plaintiff came to her house one day and said that some people were trying to get her to call for more money on the land. Witness said "What did you say?" Plaintiff said "I told them I would never do it. I told

them I got every cent I asked for that land. I am perfectly satisfied, and will never do a thing like that." When called in rebuttal plaintiff denied making the above statement, but admitted that she told W. O. Henson that she would sign a deed whenever he called on her, but that had been a good while ago. On being asked if the conversation did not occur after she was twenty-one, she said "I don't think it was. It may have been. He told me he would let me know when he got ready for me to sign the deed." Further along in her testimony plaintiff stated that she was living at Benton at the time of the conversation. She had been living there about four years. When she sold the land she had not moved to Benton, but was living at the home of her uncle.

Within the last few years the land was ditched and certain improvements erected thereon. With the imimprovements the land was worth $1,100 or $1,200. Without the improvements it was worth two or three hundred dollars.

Though plaintiff denied making the remark to Mrs. Henson, the fact that she had previously stated to W. O. Henson that she would make a deed to him tends to show the contrary. True, she says she does not remember whether she was of age or not when she made this statement, but she was seventeen years and five months of age when she made the deed. She says that she made it while living with her uncle. She then moved to Benton and remained there for about four years. The conversation with W. O. Henson occurred after that time. Under these circumstances the doubt must be resolved against her, and we, therefore, conclude that she was twenty-one years of age when she promised to make the deed. This was an unconditional promise. She does not claim that it was made in consideration of any agreement to pay her a further sum of money. Furthermore, though she was a remainderman, her cause of action accrued when she attained her majority. She could then sue to set aside the deed. Hoffert v. Miller, *supra*. Were it not for her coverture her right of action would be barred by the statute of limitations. In addition to this she stood by and saw the defendants erect valuable and lasting improvements, which constitute the chief value of the land in controversy. In view of her promise, after arriving at age, to make a deed to her grantee, and of her subsequent statement many years later that she

had gotten every cent that she had asked for the land, and was perfectly satisfied, and would never ask for more, and in view of her failure to disaffirm the transaction within a period of twenty years, during which time she could have united in a suit with her husband, and for a period of eighteen years, during which time she could have sued in her own name, to set aside the deed in question, coupled with the further fact that she stood by and saw her vendee and his children make lasting and substantial improvements on the land, we conclude that her conduct amounts to a ratification of the deed in question, and estops her from asserting any claim to the land.

Judgment reversed and cause remanded, with directions to dismiss the petition.