## Justice v. Justice, et al.

(Decided May 26, 1916.)

### Appeal from Pike Circuit Court.

1. Deeds—Construction—Estate Conveyed.—In construing a deed the instrument as a whole will be considered, and where, notwithstanding the use of technical words importing a fee, it clearly appears from the instrument considered as a whole that the grantor intended that the grantee should take only a life estate, that construction will be adopted.

2. Deeds—Construction—Estate Conveyed.—The granting clause of a deed was: "* * * to the party of the second part, her heirs and assigns," etc. The habendum clause was:-"* * *, unto the party of the second part her heirs and assigns forever." The habendum clause also contained the following: "That is to say that if said Dorcas Thacker arrives at the age of twenty-one years or marries and has children this land is deeded to said Dorcas Thacker dur-

ing her lifetime and at her death to her children, but if she dies
before she marries or arrives at the age of twenty-one years, or if
she marries and dies without leaving any children, then this land
falls back to me or my heirs. This deed is not to take effect until
after my death and the death of my wife, Martha Justice." Held,
that the deed conveyed to the grantee only a life estate, with re-
mainder to her children.

3. Infants—Deeds—Avoidance—Laches—Limitation.—An action to
avoid a deed made during infancy cannot be maintained after the
lapse of ten years from the time the infant becomes of age.

J. J. MOORE and J. F. BUTLER for appellant.

STRATTON & STEPHENSON and LEWIS A. NUCKOLS for ap-
pellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming both on original and cross-ap-
peal.

On October sixth, 1879, Abner Justice, Sr., executed
and delivered to his granddaughter, Dorcas Thacker,
now Dorcas Justice, a deed to a tract of land in Pike
county. The material parts of the deed are as follows:

"THIS DEED OF CONVEYANCE, made and entered into
this 6th day of October, 1879, between Abner Justice,
Sr., a party of first part, and Dorcas Thacker, my
granddaughter, the only child of Sarah Thacker (late
Sarah Justice), party of the second part;

"WITNESSETH: That party of the first part for and
in consideration of the love and affection that I have
for my said granddaughter do hereby sell and convey
to the party of the second part, her heirs and assigns,
the following described property, to-wit:

(Description omitted.)

"To HAVE AND TO HOLD THE SAME, together with all
the appurtenances thereunto belonging, unto the party
of the second part her heirs and assigns forever. And
the said party of the first part hereby covenants with the
said party of the second part that he will warrant the
title to the property hereby conveyed unto the party of
the second part and her heirs and assigns forever. That
is to say that if said Dorcas Thacker arrives at the age
of twenty-one years or marries and has children, this
land is deeded to said Dorcas Thacker during her life-
time and at her death to her children, but if she dies
before she marries or arrives at the age of twenty-one

years, or if she marries and dies without leaving any children, then this land falls back to me or my heirs. This deed is not to take effect until after my death and the death of my wife, Martha Justice.''

In the year 1895, the grantee in the above deed, Dorcas Justice (formerly Thacker), and her husband, conveyed to W. H. Justice the land described in the deed. As consideration therefor they received from W. H. Justice a conveyance to other land. At the time of their conveyance Dorcas Justice and her husband were both infants. Some time after they reached their majority they sold and conveyed to a third party the tract of land which they had received from W. H. Justice in exchange for the tract conveyed to him.

This suit was brought on November 23rd, 1912, by Dorcas Justice and her infant children, Martha, Thomas, Sylvania, Bessie and Toy Justice, to recover the land in controversy. The chancellor held that under the deed above set out Dorcas acquired only a life estate, with remainder in fee to her children. Judgment was rendered quieting the title of the children to the land, but adjudging that W. H. Justice acquired the life estate of Dorcas and was entitled to the land during her lifetime. W. H. Justice appeals and Dorcas Justice prosecutes a cross-appeal.

The old technical rule announced in a few decisions by this court, that in the construction of a deed preference would be given, in case of conflict, to one clause rather than to another, has been departed from. Under the modern rule, the entire instrument is considered for the purpose of arriving at the intention of the grantor; and if, upon a consideration of the whole instrument, it is apparent that the grantor, notwithstanding the use of technical words that would import a fee, clearly intended that the grantee should have only a life estate, the latter construction will be adopted. Dinger v. Lucken, 143 Ky. 850, 137 S. W. 776; Wilson v. Moore, 146 Ky. 681, 143 S. W. 431; May v. Justice, 148 Ky. 700, 147 S. W. 409. Applying this rule to the facts of this case, it is clear that Dorcas Justice acquired by the deed in question only a life estate, with remainder to her children.

On the cross-appeal it is insisted that as Dorcas Justice and her husband were infants at the time of the conveyance to W. H. Justice, their deed was voidable,

and not having been ratified, W. H. Justice acquired nothing thereby. In answer to this contention it is sufficient to say that an election to avoid a deed executed during infancy must be made by the infant within a reasonable time after he attains his majority, and that after the lapse of ten years from that time no action to set aside the deed on the ground of infancy can be maintained. Hoffert v. Miller, 86 Ky. 572, 6 S. W. 447; Henson v. Culp, 157 Ky. 443, 163 S. W. 455.

Judgment affirmed both on original and cross-appeal.