## Moore v. Hudson.

(Decided May 9, 1922.)

Appeal from Garrard Circuit Court.

1. Deeds—Infants—Coverture—Deed of an Infant Married Woman Releasing Dower Voidable.—A deed of an infant married woman

releasing her dower in conformity with the statute authorizing her to do so is not void but voidable only, even though no consideration passes to her.

2. Dower—Infants—Coverture—Accrued Cause of Action—Necessity for Setting Aside Deed.—Though the right of a married woman to recover dower does not accrue until her husband's death, yet no recovery can be had until she avoids the effect of the deed relinquishing her dower while an infant.

3. Infants—Husband and Wife—Contracts—Affirmance.—In 1866 an infant married woman joined with her husband in a deed for the purpose of relinquishing her dower in certain land. In 1882 she was made a feme sole. In 1894 she was authorized by statute to sue and be sued as a single woman. Her husband died in 1919. Held, that as she failed to disaffirm the deed for a period of thirty-seven years, during which time she could have brought suit in her own name, and stood by and saw the property changing hands and being improved by its owners, her conduct amounted to a ratification of the deed and estopped her from asserting dower in the land.

L. D. WALKER for appellant.

BAGBY & HUGUELY and J. E. ROBINSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On July 26, 1866, Thomas S. Moore conveyed to R. M. Robinson a tract of land in Garrard county containing about 52 acres. His wife, Sallie A. Moore, who was then an infant, united in the deed for the purpose of relinquishing her dower. Afterwards the title passed through several parties to Yates Hudson, the present owner. Thomas S. Moore died on August 7, 1919.

On September 25, 1919, Sallie A. Moore brought suit to recover dower in the land in question and her portion of the rents and crops accruing since the death of her husband. The defendant relied on the deed of July 26, 1866. Plaintiff sought to avoid the effect of the deed by filing a reply pleading her infancy and coverture. The defendant filed a rejoinder pleading laches and estoppel. On final hearing the court dismissed the petition and plaintiff appeals.

Appellant contends that as she labored under the disabilities of infancy and coverture when she executed the deed relinquishing her dower, and no consideration passed to her, her deed was void and that her cause of action to recover dower did not accrue until her husband's death. The statute provides the manner in which dower may be released, and it has never been regarded as

essential to the validity of a deed, that the wife should receive a separate and independent consideration. So where a married woman, who is also an infant, executes a deed relinquishing her right of dower in the lands of her husband in conformity with the statute authorizing her to do so, her conveyance stands upon the same footing as a deed conveying her own lands for a recited consideration, and in each instance the effect is the same as if the deed had been executed by an infant *feme sole,* with the consequent result that the deed is not void but voidable only. Phillips v. Green, 3 A. K. Mar. 7, 13 Am. Dec. 124; Sims v. Everhardt, 102 U. S. 300, 26 L. Ed. 87. Though some of the courts take a different view of the question, it has long been the settled rule in this state and in numerous other jurisdictions that an election to avoid a deed on the ground of infancy must be made within a reasonable time after the infant arrives at full age. Hoffert v. Miller, 86 Ky. 572, 6 S. W. 477; Englebert v. Troxell, 40 Neb. 195, 58 N. W. 852, 42 A. S. R. 665, 26 L. R. A. 177; Green v. Wilding, 59 Ia. 679, 13 N. W. 761, 44 Am. Rep. 696. Though it be true that appellant's right to recover dower did not accrue until her husband's death, under no circumstances could she recover dower until she avoided the effect of the deed. Hoffert v. Miller, *supra.* The deed was made in 1866. Appellant became a *feme sole* in 1882. She was also authorized by the Weissinger Act of 1894 to sue and be sued as a single woman. In view of her failure to disaffirm for a period of thirty-seven years, during which she could have brought suit in her own name to set aside the deed, and of the further fact that she stood by and saw the property changing hands and being improved by its owners, we conclude that the case falls within the rule announced in Henson v. Culp, 157 Ky. 442, 163 S. W. 455, and that her conduct amounts to a ratification of the deed and estops her from asserting dower in the land.

Judgment affirmed.