## Hackney v. Smith, et al.

(Decided June 19, 1925.)

### Appeal from Pike Circuit Court.

1.   Dower—Failure of Deed to Include Wife's Name in Caption or Granting or Habendum Clause Not Fatal in Relinquishing Dower. —Failure of deed to contain name of wife of grantor in caption or granting or habendum clause held not to defeat relinquishment

of dower, in view of recital in testimonium that she relinquished right of dower.

2. Infants—Wife Held Estopped from Denying Relinquishment of Dower in Deed Executed While She was Minor.—Since, under Weissinger Act of 1894, wife of grantor could have disaffirmed deed executed during minority and prosecuted action in her own name to set it aside and claim dower, failure to do so, although she lived in immediate vicinity of land and saw it changing hands and being permanently improved by innocent purchasers, held to estop her to disavow deed over 30 years later.

3. Acknowledgment—Failure of Clerk who Took Acknowledgment to Certify that Wife was Examined and Acknowledged Deed Separate and Apart from Husband Immaterial.—In view of validating amendment in 1910 to Kentucky Statutes, sections 507, 514, failure of clerk who took acknowledgment of married woman relinquishing dower to certify that she was examined and acknowledged deed separate and apart from her husband, as required at time of execution, held not fatal.

W. G. W. RIDDLE for appellant.

HARMAN, FRANCIS & HOBSON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

By this action filed June 1, 1922, appellant seeks to have dower set apart to her in a 50-acre tract of land conveyed by her husband to appellees' remote vendors May 7, 1881. She also signed and acknowledged the deed, and in avoidance thereof, she alleges, in the first paragraph of her petition that she was a minor at the time; and, in the second paragraph that her name does not appear in the caption or body of the deed. A demurrer was sustained to the second paragraph of the petition, and an estoppel pleaded to the first paragraph was sustained upon a trial of that issue, whereupon her petition was dismissed, and she has appealed.

The deed filed with and made part of the petition does not contain the name of appellant in the caption, the granting clause, or the habendum, but it concludes thus:

"IN WITNESS WHEREOF the said R. P. Hackney & W. H. Hackney, together with Charity Hackney & Diana Hackney, their wives, who hereby relinquish their right of dower in & to the lands conveyed in this deed hath hereunto set their hand and seal this day & date above written, all the poplar trees 24

in. in diam. & cucumber & merchantable walnut 12 in. up that is on the part of the land owned by R. P. Hackney is excepted out of said land.''

Hence by express stipulation recited in the body of the deed, appellant became a party thereto for the purpose of relinquishing her potential right of dower in the land thereby conveyed, and if she had been of age at the time, there could be no doubt of the sufficiency of the deed to accomplish that purpose. It was expressly so held in Stone v. Stubblefield's Admr., 13 Ky. Opns. 119, 6 Ky. L. R. 443.

The cases relied upon by appellant, Prather v. McDowell, 8 Bush 46, and Buford's Admr. v. Guthrie, 14 Bush 677, not only do not support her contrary contention, but by necessary inference contradict it, since, as pointed out in the former of those cases, the deeds therein were held insufficient to pass dower because the wife ''used no words indicating upon her part an intention to relinquish dower in the lands conveyed.''

Since the deed filed with the petition as an exhibit expressly relinquishes dower and contradicts the allegation of the second paragraph, that appellant's name does not appear in the body of the deed, the exhibit controls, and the court did not err in sustaining the demurrer to that paragraph.

The fact, admitted by the answer, that appellant was a minor when she executed the deed, rendered it voidable but not void. Although her husband did not die until shortly before this action was instituted, she could, at any time since the passage of the Weissinger Act in 1894, have disaffirmed the deed and prosecuted an action in her own name to set it aside. Instead, although she lived in the immediate vicinity of the land all of the time, she said nothing, and stood by and saw the land changing hands and being permanently improved by innocent purchasers.

Under almost precisely the same circumstances, we held, in Moore v. Hudson, 194 Ky. 725, 240 S. W. 383, the wife was estopped to disavow her deed and claim dower. Hence the trial court did not err in sustaining defendants' like plea in this case.

Although the petition does not attack the validity of the deed except for the two reasons above disposed of, it is now urged that it is void because the clerk who took the acknowledgement did not certify that appellant was

examined and acknowledged the deed to be her voluntary act, separate and apart from her husband, as was then required by section 507 of the statutes. We need not consider her right thus to present the question, since, assuming it is here, it is concluded against her by the opinion in Echols v. Wood, 143 Ky. 451, 136 S. W. 907, wherein sections 507 and 514 of the statutes, as amended in 1910 and expressly validating all prior conveyances so certified, were upheld.

Judgment affirmed.