## Brown v. Elk Horn Coal Corporation.

(Decided June 27, 1928.)

### Appeal from Floyd Circuit Court.

1. Witnesses.—In action to quiet title, where plaintiff denied executing deed for her interest in coal land to brother, who had subsequently died, plaintiff and her husband were not competent witnesses to what transpired at time deed was executed.

2. Evidence.—In action to quiet title, where plaintiff denied execution of deed, execution and acknowledgment of which was established by one whose competency was questioned because it was established he had been convicted of murder, held that conviction only affected credibility, not admissibility, of evidence, since conviction was not had under Ky. Stats., secs. 1173-1179, hence section 1180 did not apply.

3. Evidence.—In action to quiet title, conviction for murder was competent for purpose of impeachment under Civil Code of Practice, sec. 597, and while impeachment affected credibility of evidence, it did not destroy it.

4. Appeal and Error.—In action to quiet title, brought by woman who denied execution of deed where deputy clerk before whom deed in question purported to be acknowledged made certificate reciting that fact, and there was no competent evidence to overcome presumption created by Ky. Stats., sec. 3760, that officer's certificate was correct or testimony of deputy clerk, held that finding that woman had failed to establish she did not execute deed, must be accepted on appeal.

5. Infants.—In action to quiet title brought in 1923, where deed attacked was executed in 1903 at time when grantee, although married, was minor, held that since more than ten years had elapsed between time grantee attained her majority and institution of suit she could not disaffirm, notwithstanding her continuing disability of coverture.

6 Infants.—It is not essential for minor's disaffirmance of deed that he bring suit, but duty to disaffirm if minor elects to do so is positive duty enjoined by·law.

A. B. COMBS for appellant.

J. WOODFORD HOWARD and W. ΙP. MAYO for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Nancy Brown sought by this action to quiet her title to a one-eleventh remainder interest in the coal, minerals, property rights, and privileges in a tract of 507 acres of land, and from the judgment dismissing her petition she has prosecuted this appeal.

Mrs. Brown was formerly a Miss Newman, and this land in question formerly belonged to her father, R. H. Newman, who conveyed it to his wife, Juda Newman, on August 1, 1890. Juda Newman died intestate in 1896, leaving 12 children and her husband R. H. Newman, as the heirs at law and distributees of her estate. One of these children died in infancy, and his share passed to his brothers and sisters. Thereafter another child died intestate after maturity, and his one-eleventh passed to his father, R. H. Newman. William Newman was one of these children and owned by inheritance one-eleventh of this property, and it is claimed had acquired by purchase from his brothers and sisters nine-elevenths more. He sold the coal and minerals under these ten-elevenths to the Gibson Coal & Coke Company, and by mesne conveyances this has passed to the appellee, Elk Horn Coal Corporation. Included in the nine-elevenths which it is claimed that William Newman acquired from his brothers and sisters is the one-eleventh interest of the appellant, Nancy Brown. There is in the record a deed dated August 25, 1903, purporting to have been executed by Nancy Brown and her husband, R. L. Brown, conveying her interest in this land to William Newman. William Newman died some years before, and R. L. Brown shortly after the institution of this action. The only parties present at the time this deed purports to have been

executed were R. S. Frasure, Nancy Brown, her husband, R. L. Brown, and her brother, the grantee, William Newman. The appellant seeks in two different ways to avoid this deed: First, she denies the execution of it; and, secondly, she alleges that at the time it purports to have been executed and delivered she was then less than 21 years of age and was a married woman and that her coverture continued until after the beginning of this action. The appellee relies on this deed and pleads ratification, estoppel, laches, and 10 and 15 year statutes of limitation, and adverse possession.

Upon the question of the execution of this deed, the evidence preponderates on the side of the appellee. The grantee, William Newman, was dead at the time appellant's evidence was given; hence she was not a competent witness. See Combs v. Roark, 221 Ky. 679, 299 S. W. 576. Nor was her husband, R. L. Brown, a competent witness. See section 606, Civil Code. The execution and acknowledgment of this deed was established by the evidence of R. S. Frasure. His competency as a witness and the admissibility of his evidence is questioned because it was established that he had been convicted of murder. See Frasure v. Commonwealth, 180 Ky. 274, 202 S. W. 653. However, that affected only the credibility, not the admissibility of his evidence, as this conviction was not had under our Statutes, secs. 1173 to 1179, inclusive; hence section 1180 did not apply. It was competent, however, to show this conviction for the purpose of impeachment and thereby to affect the credibility of his evidence. See section 597, Civil Code. This impeachment, while it affected the credibility of his evidence, did not destroy it. Frasure was the deputy county clerk before whom the deed in question purported to be acknowledged by the appellant and her husband, and who in his official capacity made the certificate reciting that fact. The burden was upon the appellant to establish, under section 3760 of the Statutes, the fraud or mistake called for by that section. The presumption is in favor of the validity of the officer's act. There was no competent evidence to overcome either this presumption or the testimony itself of Frasure. Hence the finding of the chancellor that the appellant had failed to establish that she did not execute this deed must be accepted.

This brings us to the second contention of the appellant, which arises from the fact that on August 25, 1903, the date of the deed in question, Mrs. Brown was then

only 19 years of age and married. The deed of an infant is voidable but not void. If the infant wishes to avoid it he must do so when he attains his majority or within a reasonable time thereafter. This is true though the infant be a married woman at the time she executes the deed and is yet married when she arrives at the age of 21 years. As to such an infant, we have held that her election to avoid her deed executed during her minority must be made at least within 10 years after she attains her majority, although she may not become discovert until after that period. Henson v. Culp, 157 Ky. 442, 163 S. W. 455; Hoffert v. Miller, 86 Ky. 572, 6 S. W. 447, 9 Ky. Law Rep. 732; Justice v. Justice, 170 Ky. 426, 186 S. W. 148; Moore v. Hudson, 194 Ky. 725, 240 S. W. 383; Hackney v. Smith, 209 Ky. 806, 273 S. W. 476. The deed here attacked was executed in 1903. The appellant was then 19 years of age. This suit was instituted in August, 1923. More than 10 years had elapsed between the time appellant had attained her majority and the institution of this suit. She did not disaffirm this deed during all that time, and under the cases cited it is now too late for her to do so. This is not a question of the application of the statute of limitations as appellant insists. Were it so, her position that limitations do not begin to run against a married woman until she becomes discovert might be sound. This case rests on the principle of substantive law that an infant must, if he wishes to avoid his deed made during infancy, disaffirm his deed on attaining his majority or within a reasonable time thereafter.

As pointed out in 31 C. J. 1020, there are various ways in which an infant may disaffirm his deed, among which is the bringing of a suit to cancel or rescind it. But it is not essential that he bring a suit. There are other ways in which the deed may be disaffirmed, such as the giving of a notice to the grantee to that effect. The duty to disaffirm if the infant elects to do so is a positive duty enjoined by the law. It is on this principle that the cases herein cited to sustain the proposition that a disaffirmance by a married woman more than 10 years after she attains her majority comes too late, rest.

It results, therefore, that the chancellor did not err in dismissing the appellant's petition; and the judgment is affirmed.