## Martin v. Elkhorn Coal Corporation.

(Decided February 1, 1929.)

JOSEPH D. HARKINS for appellant.

EDWARD C. O'REAR, W. P. MAYO and J. WOODFORD HOWARD for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Elizabeth Martin died intestate in 1908, the owner of 325 acres of land in Floyd county. She left surviving her, her husband, Elkanah Martin, and eight children. On October 1, 1909, Elkanah Martin and the eight children and heirs at law of Elizabeth Martin, together with their respective wives and husbands, pursuant to a title bond previously executed on May 29, 1909, sold and conveyed to the Laclede Coal & Coke Company all the minerals and mineral rights in the 325 acres of land inherited by the grantors from Elizabeth Martin. Title to these minerals and mineral rights passed by mesne conveyances to the appellee, Elkhorn Coal Corporation, which acquired title to the property in 1915.

Appellant, H. M. Martin, was one of the children of Elizabeth Martin who executed the deed to the Laclede Coal & Coke Company, and at the time that the deed was executed he was 17 years of age. He arrived at the age of 21 years on July 25, 1913, and on September 24, 1921, nearly twelve years after he executed the deed and more than eight years after he became of age, he brought this suit in the Floyd circuit court in which he sought to avoid

the deed on the ground that he was an infant when he executed it.

The chief defense interposed by the defendant was that of estoppel upon the ground of laches, acquiescence, and ratification on the part of plaintiff. Proof was taken, and the case submitted, and the lower court entered a judgment dismissing plaintiff's petition. From that judgment he has appealed.

The evidence shows that plaintiff, when 17 years of age, executed the deed conveying his one-eighth undivided interest in the land in question to the Laclede Coal & Coke Company. The deed did not disclose the infancy of the plaintiff, stated a fair consideration, which he received, and was duly recorded. The grantee sold the land to purchasers without notice of the plaintiff's infancy, who, with their successors, retained possession and occupancy of the property without notice of such infancy until the plaintiff was more than 29 years of age. The plaintiff was fully aware of the fact of the sale by his grantee and of the subsequent purchase and occupancy of the property by the Elkhorn Coal Corporation. After it purchased the property in 1915, the appellee installed operations at a point about one mile from this property for the purpose of mining coal from this and other adjacent lands owned by it. Appellee owned approximately 5,000 acres of land in the immediate vicinity, including the land in question, and it divided this acreage into three tracts and opened a mine on each tract. It also erected a number of houses at what is now the town of Garrett, about two miles from the tract in question. While none of these improvements were made upon this tract of land, they were made for the purpose of mining the coal from this and other adjacent lands owned by the appellee. This was a matter of common knowledge in that vicinity where plaintiff lived during all of these years. Several years after plaintiff became of age, appellee, or its lessee, undertook to test the Martin tract for oil and gas, and a producing gas well was drilled upon the land. Appellant admits that he had knowledge of the drilling operations and that he brought no notice to appellee of his intention to avoid the deed and reclaim the minerals until after the gas well had been completed.

It further appears that the surface of this tract was divided among the heirs in 1914; a curtesy interest being laid off to the father and separate parcels allotted to the several heirs. In 1920, after the death of Elkanah

Martin, the part that he had received was divided among the heirs. Upon each occasion the appellant accepted the land allotted to him and raised no question as to his ownership of the minerals, nor did he then claim that he was entitled to receive an undivided one-eighth interest in fee in the entire tract, nor did he ask that the appellee, the owner of the minerals, be made a party to the proceedings for a division.

It is appellant's contention that no affirmative act of ratification on his part, after his arrival at the age of 21 years, was shown, and that his suit disaffirming the deed, having been filed within ten years after reaching his majority, was not barred by the statute of limitations.

There is a line of authorities that holds that the right to avoid a deed during infancy exists until it has been barred by the statute of limitations. There is another line of authorities, however, in which it is held that the election to avoid such a deed must be exercised within a reasonable time after the infant becomes of age, and that it is lost by failure to exercise it within such time. Some of the cases from other jurisdictions in which the latter rule is followed are Green v. Wilding, 59 Iowa, 679, 13 N. W. 761, 44 Am. Rep. 696; Goodnow v. Empire Lumber Co., 31 Minn. 468, 18 N. W. 283, 47 Am. Rep. 798; Englebert v. Troxell, 40 Neb. 195, 58 N. W. 852, 26 L. R. A. 177, 42 Am. St. Rep. 665; Bigelow v. Kinney, 3 Vt. 353, 21 Am. Dec. 589; Miller v. McAden (Tex. Civ. App.) 253 S. W. 901; Kline v. Galland, 53 Wash. 504, 102 P. 440; Nathans v. Arkwright, 66 Ga. 179. Even in those jurisdictions in which it is held that the mere silent acquiscence of an infant grantor after becoming of age will not bar his right to avoid his deed until the period prescribed by the statute of limitations for the recovery of land in the adverse possession of another has run, the principle is recognized that such silent acquiescence, taken in connection with intervening equities, may amount to a ratification or estop the grantor from avoiding the deed.

In this state we have adopted the rule that the statute of limitations is not controlling except in the absence of intervening equities. In Brown v. Elk Horn Coal Corporation, 225 Ky. 288, 8 S. W. (2d) 404, we said: "The deed of an infant is voidable but not void. If the infant wishes to avoid it he must do so when he attains his majority or within a reasonable time thereafter." And further: "This is not a question of the application of the

statute of limitations as appellant insists. Were it so, her position that limitations do not begin to run against a married woman until she becomes discovert might be sound. This case rests on the principle of substantive law that an infant must, if he wishes to avoid his deed made during infancy, disaffirm his deed on attaining his majority or within a reasonable time thereafter.''

In Moore v. Hudson, 194 Ky. 725, 240 S. W. 383, it was said: ''Though some of the courts take a different view of the question, it has long been the settled rule in this state and in numerous other jurisdictions that an election to avoid a deed on the ground of infancy must be made within a reasonable time after the infant arrives at full age.''

In Moore v. Hudson, the case of Englebert v. Troxell, supra, was cited with approval. In the Troxell Case, the rule as to what is a reasonable time within which the infant may disaffirm his deed after becoming of age is stated thus: ''Was the disaffirmance of these deeds by appellee made within a reasonable time? As to what is a reasonable time for an infant after becoming of age to disaffirm contracts made during his minority is a mixed question of law and fact to be determined from the circumstances in each particular case. In Ward v. Laverty, 19 Neb. 429 (27 N. W. 393), this court said: 'A minor who has conveyed his real estate must disaffirm the deed within a reasonable time after becoming of age or be barred of that right.' In that case the disaffirmance was not made until more than three years after the minor became of age, and the court held that the disaffirmance under the facts in the case was not made within a reasonable time. In O'Brien v. Gaslin, 20 Neb. 347 (30 N. W. 274), this court, adhering to the rule announced in Ward v. Laverty (19 Neb. 429, 27 N. W. 393), held that a disaffirmance made by a party fourteen years after he became of age was not made within a reasonable time. In Johnson v. Storie, 32 Neb. 610 (49 N. W. 371), an infant who had signed a note as surety disaffirmed the same a year and a half after he became of age, and it was held that the disaffirmance was made within a reasonable time. There are some eminent authorities which hold that an infant may disaffirm a deed which he has made to his real estate during his minority at any time after he becomes of age before he would be barred by the statute of limitations from bringing an action in ejectment for the real estate; but this is not the doctrine of this

court. It is now firmly settled here that an infant, in order to avoid a contract made during his minority, must disaffirm the same within a reasonable time after his minority ends."

Other domestic cases supporting the rule that the right of avoiding a deed upon the ground of infancy must be exercised within a reasonable time after the grantor becomes of age are Hoffert v. Miller, 86 Ky. 572, 6 S. W. 447, 9 Ky. Law Rep. 732; Locknane v. Hoskins, 69 S. W. 719, 24 Ky. Law Rep. 639; Damron v. Ratliff, 123 Ky. 758, 97 S. W. 401, 30 Ky. Law Rep. 67; Justice v. Justice, 170 Ky. 423, 186 S. W. 148.

What constitutes a reasonable time within which an infant may disaffirm his deed depends upon the facts of each case, but in no event does the right to disaffirm continue longer than ten years after the disability is removed. He may by laches lose his right before it is barred by the statute of limitations. The law protects the right of minors to disaffirm, under proper circumstances, their contracts entered into during the period of indiscretion, which is presumed to exist before their arrival at majority. It is of the highest necessity that this right of minors shall be protected, but a court of equity will not aid the slothful, after such disability is removed, when to do so will work a hardship and injustice upon an innocent third party. In Syck v. Hellier, 140 Ky. 388, 131 S. W. 30, it was held that something more than bare recognition or a silent acquiescence is necessary to a binding confirmation of an infant's deed unless prolonged for the statutory limitation. The only fact in that case relied on as amounting to a confirmation of the deed was the mere retention of the purchase money paid to the grantor during his minority. Here the appellant stood by with full knowledge of his rights, living in the immediate vicinity of the property for more than eight years after he became of age. Appellee at considerable expense erected houses to be occupied by its employees, constructed railroads, and opened and equipped mines for the purpose of developing this and adjacent lands. A gas well was drilled on this property, admittedly with the knowledge of appellant that it was being drilled, and he never notified appellee that he intended to disaffirm his deed until it had incurred great expense in the installation of its mine operations and proved the land for oil and gas, thus greatly enhancing the value of the mineral rights. Under these circumstances it would be unjust

and inequitable to permit appellant to disaffirm his deed, and the chancellor properly found that he was estopped from asserting any claim to the land.

Judgment affirmed.