## Walker et al. v. Walker et al.

(Decided March 13, 1934.)

LOVEL H. LILES, E. D. STEPHENSON and STRATTON & STEPHENSON for appellants.

THOS. E. NICKEL, E. POE HARRIS and L. E. NICHOLS for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is an action by the grantor to set aside a deed on the ground of his infancy at the time of its execution and delivery.

William Walker, a resident of Greenup county, Ky., died intestate, leaving surviving him eleven children, two of whom were his sons, Ollie and Leslie Walker. He was the owner of about 90 acres of land on which he and his family resided at the time of his death. On the 12th day of July, 1913, Leslie Walker, for the consideration of $80 cash, executed, acknowledged, and delivered a deed to his brother, Ollie Walker, conveying his (Leslie's) one-eleventh interest in the land. At the time the deed was delivered, Leslie and two of his sisters were making their home on the land. At that time he claims he was under 21 years of age, or was born January 13, 1893. After he executed and delivered the deed, he continued to make his residence on the land with his sisters for 2 or 3 years after he arrived at the age of 21, when he removed to Chinnville, Ohio, where he remained for 8 or 10 years. Soon after he moved away, his brother, Ollie, took possession of the land. Ollie Walker asserts his brother, Leslie Walker, was born January 13, 1892, and therefore was over the age of 21 years at the time he purchased and Leslie deeded him, the one-eleventh interest. After Ollie Walker purchased the land, he sold it to J. O. Keene, and the latter sold a part of it to Tri-State Fair & Racing Association.

On the 25th day of September, 1922, or 9 years, 2 months, and 13 days after he executed and delivered the deed, conveying his one-eleventh interest to his brother, Leslie Walker and wife filed this action to have declared invalid the deed to his brother on the ground of the infancy of Leslie Walker at the time he executed and delivered it. The action remained on the docket of the court until its March term, 1931, when judgment was rendered, denying relief, from which they prosecute this appeal.

In addition to denying Leslie Walker was under the age of 21 at the date of the deed, the answer interposed laches as a bar to the recovery. The trial court found, "Leslie Walker was born on January 13th, 1892," and the judgment recites:

"After examination of the small Bible, which was in the hands of his sister, Mrs. Jacobs, which is the original record of his birth; and that the other record [big Bible] made therefrom has been compared by examination under the magnifying glass, shows that in the space of said dates, where the record had been erased, and that there are erasures on same, and the writing shows the same to have been written over that part that has been erased."

We have carefully examined the evidence, and inspected, compared, and scrutinized the two Bibles in evidence, and we concur in the chancellor's finding of fact, and agree with him that Leslie Walker was over 21 years of age at the date of the deed.

An infant may avoid his contract prior to his majority or within a reasonable time thereafter, but he must, if he elects avoidance, return the consideration received, if within his power to do so. Marceiliac, by, etc., v. Stevens et al., 206 Ky. 383, 267 S. W. 229. However, the return of the consideration is not an absolute condition precedent to the disaffirmance of the deed. Moore v. Baker, 92 Ky. 518, 18 S. W. 363, 13 Ky. Law Rep. 724; Napier v. Chappell, 62 S. W. 21, 22 Ky. Law Rep. 1904. A deed will not be set aside as made in infancy where the evidence is doubtful as to whether he was or was not 21 years of age at the date of execution, especially where the infant after becoming 21 has acquiesced in it, and the claim of infancy is inconsistent with the view held by the infant and his family as to his age, when there was no reason for a dispute as to it. Phillips v. Williams (Ky.) 114 S. W. 1191. The election to avoid a deed executed during infancy must be made by him within a reasonable time after attaining his majority. In Justice v. Justice, 170 Ky. 423, 186 S. W. 148, it was held that, after a lapse of ten years from the execution and delivery of the deed by an infant, no action was maintainable to set it aside on the ground of infancy. Hoffert v. Miller, 86 Ky. 572, 6 S. W. 447, 9 Ky. Law Rep. 732; Henson v. Culp, 157 Ky. 443, 163 S. W. 455. In Brown v. Elk Horn Coal Corp., 225 Ky. 288, 8 S. W. (2d) 404, it was held that it is not essential to the infant's disaffirmance of the deed that he bring

suit, but his duty to disaffirm, if he elects to do so, is a positive duty enjoined by law, and, where 10 years had elapsed between the infant's attaining majority, even if a married woman, she cannot disaffirm, and in bringing an action to recover, she was barred by laches, notwithstanding her disability of coverture. Moore v. Hudson, 194 Ky. 725, 240 S. W. 383; Hackney v. Smith et al., 209 Ky. 806, 273 S. W. 476. While an infant has reasonable time within which to disaffirm his deed executed and delivered during infancy, but in no event does his right continue longer than 10 years after attaining his majority. Martin v. Elkhorn Coal Corp., 227 Ky. 623, 13 S. W. (2d) 780. In the last case it was held waiting 8 years after attaining majority and seeing grantees incur great expense on property estopped the infant grantor to disaffirm the deed. In the circumstances appearing in Ward v. Ward, 143 Ky. 91, 136 S. W. 137, it was held that, waiting 5 years after attaining majority, and taking no steps to set a deed aside, the infant was properly denied relief.

The general principle is that nothing can call forth equity into activity other than conscious, good faith, and reasonable diligence. Where these do not call for relief, equity is passive and does nothing. Length of time, although not the statutory period, has, in some cases, been held to operate as evidence of assent or acquiescence. A mere institution of an action does not relieve the person from the operation of the rule of laches even against a lis pendens purchaser, if the plaintiff fails to prosecute a suit diligently; the consequences being the same as though no suit had been begun. Hawes, etc., v. Orr, etc., 10 Bush, 431; Erhman v. Kendrick, 1 Metc. 149; Watson v. Wilson, 2 Dana, 406, 26 Am. Dec. 459; Clarkson v. Morgan's Devisees, 6 B. Mon. 447; Johnston v. Standard Mining Co., 148 U. S. 360, 13 S. Ct. 585, 37 L. Ed. 480.

Leslie Walker moved off the land 2 or 3 years after the delivery of the deed; allowed to elapse practically 9 years from the date of his arrival at maturity before the institution of this action, then permitted the suit to remain in court 9 years, 2 months, and 2 days from the date of its filing to the rendition of the judgment. In these circumstances, there is no room to doubt he and his wife are barred by laches from a recovery herein.

Judgment is affirmed.