## CHILDS v. DOBBINS.

1. **Minor:** CONTRACT: DISAFFIRMANCE. A minor may disaffirm a contract made by him at any time thereafter during his minority or within a reasonable time thereafter. Section 2238 of the Code is not intended to prevent a disaffirmance during minority, but only to fix a limit to the time when it may be made.

*Appeal from Montgomery District Court.*

MONDAY, DECEMBER 13.

ON the 20th day of July, 1875, the plaintiff filed his petition, by his next friend, alleging, in substance, that on or about the 24th of March, 1875, being a minor, he entered into a parol contract with the defendant for the purchase of certain trees and shrubbery for the price of five hundred dollars, which he then paid; that the fact of plaintiff's minority was known to defendant; that on or about the 29th day of March, 1875, the plaintiff disaffirmed the contract and tendered back to the defendant all the nursery stock delivered to him, at the place and in the condition received by him. The action is brought to recover the consideration paid. A demurrer to the count of the petition alleging these facts was sustained. The plaintiff appeals.

*Hewitt & Richards,* for the appellant.

*Hepburn & Thummel* and *S. McPherson,* for the appellee.

DAY, J.—The disaffirmance was made by the plaintiff during his minority. The only question presented by the appeal is whether the plaintiff could, under section 2238 of the Code, disaffirm the contract before attaining his majority. The rule of the common law upon this subject is that contracts which relate only to the person

1. MINOR: contract: disaffirmance.

or to personal property may be avoided at any time. 1 Parsons on Contracts, 5th Ed., 322, and cases cited; Reeves' Domestic Relations, 3d Ed., pp. 344, 353, 366 and 381, and cases cited.

Section 2238 of the Code provides: "A minor is bound, not only by contracts for necessaries, but also by his other contracts, unless he disaffirms them within a reasonable time after he attains his majority, and restores to the other party all money or property received by him by virtue of the contract and remaining within his control at any time after attaining his majority." The purpose of this section is to fix the limit of the duration, and not to prescribe the time of the commencement, of the period within which a minor may disaffirm his contract. The period during which a disaffirmance may be made does not extend beyond a reasonable time after majority is attained. Before the lapse of a reasonable period after majority, the contract of a minor may be disaffirmed, whether the disaffirmance takes place before or after majority. This, we think, is the correct construction of the statute. The appellee relies upon *Murphy v. Johnson*, 45 Iowa, 57. Language is found in that opinion which is at variance with our present decision. But no issue was made in that case as to a disaffirmance of the contract, and the question received but little consideration. The defense relied upon was that the minor had represented himself to be of age, and thus procured the contract with defendant, and that defendant had paid plaintiff pursuant to the terms of the contract.

The case was rightly decided, although a part of the language employed does not state the correct rule as to disaffirmance.

REVERSED.