## BLAKE v. HARDING.

No. 3313.   Decided March 25, 1919.   (180 Pac. 172.)

1.  EVIDENCE—DOCUMENTARY EVIDENCE—PHOTOGRAPHS.  In an action by an infant to recover the value of a pony, harness, and buggy which he had delivered to defendant in exchange for certain stock after his offer to return the stock and his alleged disaffirmance of the contract, a properly identified photograph showing the pony, harness and buggy at time of trade was admissible as bearing on their value.  (Page 160.)

2.  EVIDENCE—PHOTOGRAPH—INDENTIFICATION.  Before a photograph of a pony, harness, and buggy was admissible to show its value at the time of a trade therefor, it must be shown that it is substantially a true and correct picture though it need not show the minutest details.  (Page 160.)

3.  INFANTS—DISAFFIRMANCE OF EXCHANGE OF PROPERTY—VALUE OF PROPERTY OFFERED TO BE RETURNED.  Plaintiff, an infant, might disaffirm the sale or exchange of his pony, harness, and buggy for stock, so that the value of the property received and offered to be returned to defendant was immaterial.  (Page 161.)

4.  INFANTS — CONTRACTS — DISAFFIRMANCE — RETURN OF CONSIDERA-TION.  Under Comp. Laws 1917, section 3956, all that an infant seeking to disaffirm his contract is required to restore is the money or property received by him under the contract "remaining within his control at any time after attaining his majority," but he may not retain it indefinitely, and must elect to disaffirm under the statute within a reasonable time after majority.  (Page 163.)

5.  INFANTS—DISAFFIRMANCE OF CONTRACT—RESTORATION.  In view of Comp. Laws 1917, section 3956, it is not the law that an infant may not disaffirm and recover if the property he has received has become worthless, as he is not required to place the other party to the contract in exact statu quo, and as an adult dealing with a minor assumes all the risks of loss. (Page 164.)

Appeal from the District Court of Salt Lake County, Third District; *Hon. R. B. Porter*, Judge.

Action by Frank G. Blake, an infant, by T. W. Blake, his guardian ad litem, against C. D. Harding.

Verdict and judgment for defendant. Plaintiff appeals.

REVERSED and REMANDED, with directions to grant a new trial.

*James D. Pardee* of Salt Lake City, for appellant.

*H. A. Smith* of Salt Lake City, for respondent.

APPELLANT'S POINTS.

When it is said the infant cannot disaffirm if the contract was fair and reasonable at time of making is to assert that he can only disaffirm for fraud or mistake, which places him squarely on the plane of an adult, and deprives him of his privilege of infancy. Any person can rescind for fraud or mistake. *MacGreal* v. *Taylor*, 164 U. S. 688, 42 L. Ed. 326.

On the disaffirmance of a contract the infant is not bound to place the other party in statu quo. *Shipley* v. *Smith*, 78 N. E. 803, 167 Ind. 526.

FRICK, J.

Frank Blake, an infant, by T. W. Blake, his guardian ad litem, brought this action against the defendant to recover the value of a certain pony, harness, and buggy. Among other things, it is in substance alleged in the complaint that the plaintiff is an infant; that on a day named he and the defendant entered into an agreement whereby he agreed to sell and deliver to the defendant a certain pony, harness, and buggy at the agreed value of $150, for which defendant agreed to deliver to plaintiff 3,000 shares of the capital stock

of the Deer Ridge Mining Company, of the agreed value of $150; that the said pony, harness, and buggy were duly delivered to and received by defendant and plaintiff duly received the 3,000 shares of stock; that the plaintiff is an infant and disaffirms said contract of sale or exchange as aforesaid and offers to return to the defendant said 3,000 shares of mining stock together with 3,000 shares of the stock of the Valley View Mining Company, which latter stock was received by plaintiff by reason of his ownership of said 3,000 shares of stock of the Deer Ridge Mining Company; that the plaintiff tendered to the defendant all of the stock aforesaid and demanded that the defendant return to plaintiff said pony, harness, and buggy or the value thereof, namely, the sum of $150; that the defendant sold said pony, harness, and buggy, and has placed it beyond his power to return the same to plaintiff, wherefore plaintiff prays judgment for the value thereof, to wit, the sum of $150, etc.

The defendant filed an answer to the complaint in which he in effect denied all of the allegations thereof. He also set up as a part of his answer an affirmative defense, which, however, in view of the assignments of error hereinafter referred to, it is not necessary to mention further.

The case was submitted to a jury, which, under the instructions of the court, returned a verdict in favor of the defendant. Judgment was entered on the verdict, and the plaintiff appeals.

The first assignment of error relates to the exclusion of certain evidence offered by the plaintiff. The defendant denied the value of the pony, harness, and buggy as    1, 2 alleged by the plaintiff, and there seems to have been considerable difference respecting their value between the plaintiff and the defendant. The plaintiff therefore, in connection with, and as a part of, the description, and as showing the condition of the pony, harness, and buggy, offered in evidence a photograph of the pony, harness, and buggy showing the pony hitched to the buggy and taken, as we understand it, about the time the trade was made. It seems the photograph was properly identified, and the evidence showed that the

Appeal from Third District.

photograph was a true picture and representation of the pony, harness, and buggy. We cannot see why the offered photograph does not come squarely within the rule laid down in the case of *Dedrichs* v. *Salt Lake City Rd. Co.*, 14 Utah, 137, 46 Pac. 656, 35 L. R. A. 802. It is held in that case that photographs "are admissible as appropriate aids to the jury in applying evidence, whether it relates to persons, things, or places." In connection with his evidence relating to the value of the pony, harness, and buggy, the plaintiff certainly had the right to describe them and their condition fully and in detail. We cannot see why a photograph which is shown to be a correct representation of an object is not as proper as any other description would be. As a matter of course, before a photograph is admissible under the circumstances disclosed in this case, it must be made to appear that it is a true or correct picture or representation of the object photographed and in question. By that is not meant that it must be shown that the photograph is a true and correct picture or representation of the object photographed in the minutest details, but it must be made to appear that the photograph is a substantially true and correct picture or representation of the object, and not a distorted or false one. Of course, the photograph is not evidence of the value of the property, but it may aid the court or jury to better understand and appreciate the evidence relating to the value. We are of the opinion that the photograph should have been received in evidence for the purposes indicated above, and that the court erred in excluding it.

It is next insisted that the court erred in permitting the defendant to show the value of the Deer Ridge Mining Company's stock. The assignment is based upon the ground that, if the plaintiff had a right to disaffirm the sale or exchange of the property described in the complaint, the value of the stock which he offered to return to the defendant was wholly immaterial. We think the contention is sound. The plaintiff, being an infant, had the right to disaffirm the sale or exchange of the property, and therefore the value of the property he received and offered to return to

the defendant was necessarily immaterial. We cannot see, however, how any prejudice resulted to the plaintiff by the court's ruling ánd therefore, if this were the only error, we should not feel disposed to reverse the judgment.

It is next assigned as error that the court erred in charging the jury. The court charged as follows:

"You are further instructed that it is the policy of the law to shield or protect an infant from the improvidence incident to his youth and inexperience, but not to debar him from the privilege of contracting, or to permit him to depart from the principles of common honesty. You are further instructed that, if you believe the contract in question was a fair and reasonable contract when entered into, and if the plaintiff has parted with, or is unable to return, the consideration he received, or if the property received by him cannot be restored by him, he is not entitled to disaffirm his contract. In other words, if you believe that the contract in evidence was fair and reasonable, and was free from any fraud or bad faith on the part of the defendant, and if you further find that the mining stock traded to the plaintiff by the defendant is now worthless, the plaintiff is not entitled to recover in this action."

Our statute (Comp. Laws 1917, section 3956) relating to the right of minors to disaffirm their contracts reads as follows:

"A minor is bound not only by contracts for necessaries but also by his other contracts, unless he disaffirms them before or within a reasonable time after he attains his majority and restores to the other party all money or property received by him by virtue of said contract and remaining within his control at any time after attaining his majority."

As we view it, the instruction is in direct conflict with the foregoing statute. The court charges the jury that, if the contract of exchange was "fair and reasonable * * * or if the property received by him [the minor] cannot be restored by him he is not entitled to disaffirm the contract," and, further, if the mining stock "is now worthless," plaintiff cannot recover in the action. The right of an infant to disaffirm his contract does not depend upon whether it was fair and reasonable. The vice of the charge, therefore, lies in the statement that, if the contract was fair and reasonable, the right on the part of the infant to disaffirm is lost. The right of an infant to disaffirm his contract does not depend on whether

the contract is fair and reasonable. If the right exists at all, it does not depend on whether the contract is fair and reasonable or not. As a matter of course, no infant should be bound by a contract which is in its terms unfair and unreasonable, but, on the other hand, he should not be bound merely becausethe contract is fair and reasonable.

Nor is it the law that, if an infant cannot or does not restore what he received under the contract he has forfeited his right to disaffirm. We know of no decisions which go to that extent. Our statute certainly does not impose such a burden. The statute is clear and explicit as to that. All the infant is required to restore is the money or property received by him under the contract "remaining within his control at any time after attaining his majority." Of course, it is not intended by the language used in the statute that the minor may retain the property indefinitely, but he must elect to disaffirm and comply with the statutory provision within a reasonable time after attaining his majority. The statute of Iowa (Code of Iowa, Ann. 1897, section 3189) is like our section 3956 above quoted. In passing on the right and duty of a minor under that statute, the Supreme Court of Iowa, in *Beickler* v. *Guenther*, 121 Iowa, at page 422, 96 N. W. 896, said:

"The plaintiff offered in writing to return the team. This, in the absence of an acceptance, was equivalent to the actual tender of the property. But he disposed of the horses six weeks later, and it is said that, because of not keeping the tender good, he should be defeated in this action. Disaffirmance is one thing and restoration of property quite another. The minor may disaffirm before he attains the age of 21 years. *Childs* v. *Dobbins*, 55 Iowa, 205 [7 N. W. 496]. He is only required by the statute to restore the money or property received by virtue of the contract 'remaining within his control at any time after attaining his majority.' As stated, he ceased to be the owner of the team before becoming of age, and thereafter was not in control of anything received from defendant. There was then nothing in his keeping to restore."

In *Gray* v. *Grimm*, 157 Ky. 603, 163 S. W. 762, in speaking of the duty imposed by law upon an infant in disaffirming his contract, it is held:

"Upon disaffirming a contract, the infant must restore what he

has received under the contract, if he still has it; but he is not required to restore what he has received under the contract where he has wasted or spent it."

In *White* v. *New Bedford Cotton Waste Corp.*, 178 Mass. 20, 59 N. E. 642, it is held:

"An infant does not lose his right to disaffirm a contract because he cannot put the other party to the contract in statu quo."

To the same effect is *Gage* v. *Menczer* (Tex. Civ. App.) 144 S. W. 717, and *Wuller* v. *Chuse Grocery Co.*, 241 Ill. 398, 89 N. E. 796, 28 L. R. A. (N. S.) 128, 132 Am. St. Rep. 216, 16 Ann. Cas. 522.

Moreover, it is not the law that an infant may not disaffirm and recover if the property he has received has become worthless, as the court charged the jury in this case. That statement is likewise in direct conflict with our statute. To so hold is to impose the duty upon the infant to place the other party to the contract in exact statu quo. To so hold is to disregard and misapply the purpose of the law. The law is intended for the benefit and protection of the minor; and hence an adult, in dealing with a minor, assumes all the risk of loss. Under the instruction, however, the minor is required to assume such risk. The charge is therefore clearly and manifestly erroneous.

In view of what has been said, it is not necessary to dwell upon the assignments relating to the court's refusal to charge as requested. Those requests merely stated the law as we have outlined it in different ways. The court, no doubt, clearly erred in refusing the requests in which the law is stated as indicated herein.

For the reasons stated, the judgment is reversed, and the cause is remanded to the district court of Salt Lake county, with directions to grant a new trial; appellant to recover costs on appeal.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.