## MERCHANTS' CREDIT BUREAU v. KAORU AKIYAMA.

No. 4178. Decided November 25, 1924. (230 Pac. 1017.)

1. INFANTS—ANSWER TO ACTION ON NOTE DISAFFIRMING LIABILITY BECAUSE OF MINORITY HELD SUFFICIENT DISAFFIRMANCE. Answer to action on note filed by defendant's attorney as guardian

ad litem, disaffirming note on ground of defendant's minority, was sufficient disaffirmance, since no particular form of disaffirmance is necessary.

2. INFANTS—DISAFFIRMANCE OF NOTE WITHIN FOUR MONTHS AFTER REACHING MAJORITY HELD WITHIN REASONABLE TIME. Where infant, who signed note as maker with his father, disaffirmed note by his answer filed within 4 months after reaching majority and by amended answer filed 6 months and 11 days after majority, his disaffirmance was made within reasonable time.[1]

3. INFANTS—NO HARD AND FAST RULE AS TO TIME WITHIN WHICH INFANT MUST DISAFFIRM CONTRACT. There is no hard and fast rule as to time within which infant must disaffirm his contract, but much depends on his intelligence, means of knowledge, nature of his relation to transaction, and purpose to be attained thereby, and, unless he was fully advised of his rights after attaining majority, law deals leniently with him.

4. APPEAL AND ERROR—ANSWER TO QUESTION WHETHER INFANT RECEIVED CONSIDERATION FOR NOTE HELD SUFFICIENT, WHERE INCOMPLETENESS WAS DUE TO PLAINTIFF'S OBJECTION TO ANSWER. Where, in action on note defended on ground of defendant's infancy, defendant, in answering question whether he had received any consideration, stated, "I did not receive any—" but was not permitted to complete his answer, because of plaintiff's objection, answer was sufficient, and plaintiff could not object that it was incomplete.

5. INFANTS—REQUIREMENT THAT DISAFFIRMING INFANT RETURN CONSIDERATION APPLIES ONLY WHERE INFANT HAS CONSIDERATION. Rule requiring infant, disaffirming his contract, to restore what he has received, applies only where he has received property, and, when he disaffirms, still has the property or its proceeds.

6. INFANTS—RECITALS IN NOTE THAT IT WAS GIVEN FOR FURNITURE AND FIXTURES NOT BINDING ON MINOR, WHO DISAFFIRMED IT. Recitals in note that it was given for furniture and fixtures were not binding on minor, who disaffirmed it.

7. INFANTS—MINOR, DISAFFIRMING NOTE, HELD ENTITLED TO MONEY OBTAINED BY PLAINTIFF BY GARNISHMENT ON NOTE. Where minor, on reaching majority, disaffirmed note executed by him,

---

[1] *Groesbeck* v. *Bell*, 1 Utah 338.

See 4 C. J., p. 706 (1926 Anno); 31 C. J., pp. 1006, 1068, 1069, 1070, 1072 (1926 Anno.).

he was entitled to recover on his counterclaim money which plaintiff had obtained in garnishment proceedings on note.

Appeal from District Court, Second District, Weber County; *Geo. S. Barker*, Judge.

Action by Merchants' Credit Bureau against Kaoru Akiyama. Judgment for plaintiff, and defendant appeals.

REVERSED and REMANDED, with directions.

*John A. Sneddon*, of Ogden, for appellant.

*Jos. E. Evans*, of Ogden, for respondent.

FRICK, J.

The plaintiff brought this action as the assignee of Masa Ando, who is the administratrix of the estate and the widow of J. K. Ando, deceased. The action was commenced in the district court of Weber county to recover upon a promissory note dated at Pocatello, Idaho, on January 1, 1921, and made payable "on or before the 1st day of October, 1923," to the order of said J. K. Ando. The note is what is termed a title-retaining note, and is somewhat contradictory in its terms in that the note was given for $2,722.25, payable "on or before October 1, 1923"; but in a subsequent clause in the note it was made payable as follows: $122.25 on the 18th day of January, 1921, and $100 on the 1st day of July, 1921, and $100 "each and every month thence ensuing until the full sum of twenty-seven hundred and twenty-two and 25/100 dollars has been paid," with interest at 8 per cent. payable on the 1st day of each month. The terms of payment are therefore conflicting, in that according to the initial statement or promise the payor had the option of paying the note at any time up to and including the 1st day of October, 1923, but according to the provision that the note should be paid in monthly installments the final payment had to be made several months before October 1, 1923.

The question, therefore, is: Was the payment of the installments also optional with the payee? If they were, the action was prematurely brought, since it was commenced in August, 1923, while the maturity date of the note did not arrive until the 1st day of October of that year. We have referred to the foregoing matter only because of the defense that is set up by one of the signers of the note, and not that it is deemed very material to this proceeding. The consideration for the note, as appears from its face, was "furniture, fixtures, range, cooking utensils, and everything appertaining and contained in the Oriental House, located at 253 East Center street, Pocatello, Idaho," and was signed by Gohachi Akiyama and Kaoru Akiyama. The latter, for convenience, will hereinafter be called Kaoru merely. Gohachi Akiyama is the father of Kaoru. The former, while duly served with summons, did not appear in the action, and judgment by default was entered against him.

Kaoru, when he signed the note, was a minor between 18 and 19 years of age. Immediately upon the commencement of the action, Kaoru's wages were attached by writ of garnishment. The facts are not in dispute, and in substance are that, after Kaoru's wages had been garnisheed and he had been informed of that fact, he communicated with plaintiff's attorney about the matter, but nothing was done with respect thereto at that time. When the answer date had arrived, and no answer had been filed by Kaoru, default was entered against him, which was, however, as to him, afterwards set aside or disregarded. On the 28th day of December, 1923, Kaoru made application for the appointment of a guardian ad litem upon the ground that he was under 21 years of age. Mr. John A. Sneddon, an attorney at law, of Ogden, Utah, was duly appointed as such guardian, and the latter, on the 15th day of January, 1924, on behalf of Kaoru, filed an answer, in which the latter disaffirmed the note in question, and also set up a counterclaim to recover the wages that had been garnisheed as before stated.

Plaintiff filed a reply to Kaoru's answer and counterclaim, denying that he was under the age of 21 years, and alleging

that he became of age on the 20th day of September, 1923.
In view of the averment just referred to in the reply, Kaoru
asked leave to file an amended answer, in which he admitted
that he became of age on the 20th day of September, 1923,
but again disaffirmed the note sued on, and also pleaded his
counterclaim to recover from the plaintiff the amount of
his wages that had been garnisheed when the action was
commenced and before he had attained his majority.

Very little evidence was introduced, and what little there
is, aside from the facts contained in the pleadings, is not
of great importance. The record discloses that the last an-
swer of Kaoru was filed on the 31st day of March, 1924, or
6 months and 11 days after Kaoru had attained his majority,
while his answer, filed by Mr. Sneddon as guardian ad litem,
was filed within 4 months after Kaoru had attained his
majority.

It is contended upon the part of plaintiff that, in view
that Kaoru was of age when his answer was filed, that did
not amount to a disaffirmance. We cannot agree with that
contention, in view of the fact that no particular form of
disaffirmance is necessary, and undoubtedly Mr.
Sneddon, as attorney, if not as guardian ad litem,     1
could disaffirm, precisely as he did so. Moreover, there
is nothing in the record to show any fact or circumstance
whatever from which any one could assume that Kaoru in-
tended to be bound by the note in question. Indeed, nothing
is made to appear except the signing of the note, that Kaoru
was the minor son of the principal signer, that he became
of age on the 20th day of September, 1923, and did not for-
mally disaffirm the note except as hereinbefore stated until
the 15th day of January, 1924.

Upon substantially the foregoing facts the district court
made his conclusion of law "that the defendant Kaoru
Akiyama did not, before or within a reasonable time after at-
taining his majority, disaffirm said note and contract or obli-
gation thereof," and entered judgment accordingly for the
full amount of the note against him, less the amount of his
wages obtained by the garnishment aforesaid.

The defendant Kaoru alone appeals, and vigorously insists that the court erred in making the foregoing conclusion of law, and in entering judgment against him, and in failing to find for him on his counterclaim, in which he asks to recover back the amount of wages that was garnisheed, and in not entering judgment in his favor for the amount of his wages.

Counsel for plaintiff has cited no case in which, under facts and circumstances similar to those in the instant case, judgment was sustained as against a minor who attempted to disaffirm the contract or obligation involved in the action. After making an independent research for such a case, we, too, have been unsuccessful in discovering one, if there be one.   Indeed, all the cases we have been able to find hold directly to the contrary.   In *Dolph* v. *Hand*, 156 Pa. 91, 27 A. 114, 36 Am. St. Rep. 25, the Supreme Court of Pennsylvania, after discussing the question of what         2 constitutes a reasonable time within which a minor may disaffirm his contract, at page 99 (27 A. 116), says:

"The difficulty has been with the application of the rule, and the question, 'What is a reasonable time?' has received different answers in different jurisdictions.   In Illinois two years seems to be regarded as the proper limit of a 'reasonable time.'   In Iowa 3 years and 8 months have been held to be unreasonable delay, 59 Iowa, 679.   In Connecticut 13 years was held to be unreasonable. 6 Conn. 494.   In *Urban* v. *Grimes*, supra, this court held that 14 years was not unreasonable.   In this case we have a still longer period of delay, accompanied by retention of the purchase money, with the fullest knowledge of the voidable character of the deed, of his own right to disaffirm, of the occupation of the land by lessees, of the erection of improvements thereon, and of the steady enhancement in value of the land by reason of the development of the region in which it was.   All these considerations were brought daily before him by the circumstance that the land was in full view from his house, or was passed by him in going to and returning from his work, for more than 18 years after the making of the deed, and for 15 years after he came of full age."

The court thus clearly states the many elements that enter into the question and necessarily make it more or less difficult of solution.

In *Green* v. *Wilding*, 59 Iowa, 679, 13 N. W. 761, 44 Am. Rep. 696, a delay of 3 years and 8 months was held to be

unreasonable, in view that it was made to appear that the minor in that case had become fully advised respecting his rights.

In *Groesbeck* v. *Bell,* 1 Utah, 338, about 6 years was held to be a reasonable time within which to disaffirm a promissory note, where the minor received none of the consideration or benefits of the note.

In *O'Dell* v. *Rogers,* 44 Wis. 136, 3 years was held a reasonable time within which the minor could disaffirm.

In *McCandless* v. *Lansing,* 19 Har. 474, in the course of the opinion, it is said:

"We are aware of no case in which mere silence for 2 years and 10 months has been held to be sufficient to preclude a disaffirmance."

As a general rule, mere silence is not taken as indicative either for or against the minor.

In *Johnson* v. *Storie,* 32 Neb. 610, 49 N. W. 371, it is held that 1½ years after a minor has attained his majority was a reasonable time within which to disaffirm a promissory note. To the same effect is *Murray* v. *McKenzie,* 23 Ont. L. Rep. 287, 21 Ann. Cas. 968, and note following the case.

It is manifest that in this class of cases no hard and fast rule can be stated regarding the precise time within which a minor may disaffirm his contract. Much depends upon the intelligence of the minor, his means of knowledge, the nature of and his relation to the transaction, and the purpose to be attained thereby. In all cases it is, however, always indicated by the courts that, unless it is made to appear that the minor was fully advised of his rights after attaining his majority, the law deals leniently with him with respect to the time within which he may disaffirm. In view of that, there is great diversity among the decisions respecting the time within which disaffirmance is permitted as a matter of law. As before stated, however, no case has been found where the minor was denied the right to disaffirm as a matter of law within a period of time as short as the one in question here. Indeed, in all the cases from four to ten times the time that elapsed in this case was held to be timely.

Kaoru, it seems, was working at times and attending school at times to acquire an education. Nothing is made to appear that he possessed any knowledge whatever respecting his rights until informed of them by his counsel. Moreover, he signed the note with his father, who, it may be assumed, exercised some influence over him. It therefore would be a reproach to the law to deny Kaoru the right to disaffirm the note in question, in view of the facts and circumstances disclosed by this record.

It was, however, suggested at the hearing that Kaoru had not returned or offered to return the property that was received from the payee of the note. Kaoru testified that he did not receive any of the property. True it is that, when he was asked the question whether he had received any of the property, he answered, "I did not receive any—" The reporter's notes indicate that Kaoru did not complete the answer. If the answer is incomplete, however, it is entirely the fault of plaintiff's counsel, since he objected to the witness answering the question, and hence, if the answer remained incomplete, plaintiff ought not be heard to complain. The answer was clearly competent, and is sufficient for the purpose of this case.

In *Craig* v. *Van Bebber*, 100 Mo. 584, 13 S. W. 906, 18 Am. St. Rep. 569, under a statute similar to ours, it is held that the rule that a minor must restore what he has received applies only in cases where he has received the property and has it in his possession when he disaffirms, or where he has disposed of it and retains the proceeds. In case, however, that he has not received the property, or has squandered it during his minority, he is not required to restore the property in order to effectuate the disaffirmance. In 1 Schouler, Domestic Relations (6th Ed.) § 1051, p. 1259, it is said:

"According to the better opinion now current, it is only when an infant, on disaffirming his contract at majority, still has the consideration, that he can be compelled to return it as the condition of disaffirmance; restitution in full not being a prerequisite, but restitution of the advantages as they still remain to him and capable of being restored. In other words, if the infant has

wasted or squandered the consideration, he may repudiate without any tender of restitution."

Plaintiff's counsel, however, suggested that, inasmuch as it is stated in the note that the receipt of the articles enumerated therein was acknowledged, the rule just **6** stated should not apply. The statement in the note, as a matter of course, was not binding upon the minor, who disaffirmed. Whether it was binding upon the father of Kaoru does not concern us now.

The remaining question relates to Kaoru's counterclaim. The facts clearly show, and the court found, that plaintiff obtained $183.05 of Kaoru's money. The **7** plaintiff has no right to that money, and hence Kaoru is entitled to judgment for the same. *Helland* v. *Colton State Bank,* 20 S. D. 325, 106 N. W. 60.

In view of the foregoing, it follows that the judgment should be, and it accordingly is, reversed, and the cause is remanded to the district court of Weber county, with directions to set aside the conclusion of law in favor of the plaintiff, and to substitute therefor a conclusion of law in favor of the defendant Kaoru, in accordance with the views contained in this opinion, and to enter judgment in his favor for the amount of $183.05 on his counterclaim. It is further ordered that the defendant Kaoru recover costs.

WEBER, C. J., GIDEON and CHERRY, JJ., and WOOLLEY, District Judge, concur.

THURMAN, J., did not participate herein.