## BILBREY v. GENTLE.

### No. 12237.

Court of Civil Appeals of Texas. Dallas.
May 29, 1937.

Rehearing Denied June 26, 1937.

C. F. Cusack, Walter E. Allison, and Chas. Romick, all of Dallas, for appellant.

Joe S. Gambill, of Denton, and H. T. Bowyer, of Dallas, for appellee.

LOONEY, Justice.

Fred M. Bilbrey sued O. M. Gentle to recover damages for personal injuries received in an automobile collision that occurred in September 1932, on the Dallas-Denton highway near the town of Carrollton. The case was tried to a jury and upon their findings the court rendered judgment for defendant, from which this appeal was prosecuted.

The parties will be referred to as in the court below. Plaintiff alleged a number of acts of negligence committed by the defendant; answering, defendant alleged a number of acts of contributory negligence committed by the plaintiff. The case arose as follows: Fred M. Bilbrey, wife, daughter, and other parties, driving from Dallas towards Louisville on the Dallas-Denton highway, developing car trouble, stopped to ascertain the cause, parked his car on the right-hand side of the road, leaving about two feet of the rear of the car on the paved portion of the highway. Getting out of his car plaintiff walked to its front and was in the act of cranking same when its rear was collided with by a car traveling in the same direction, being driven by the defendant, striking plaintiff's car knocking it against and over the plaintiff, inflicting upon him serious personal injuries. Plaintiff admitted that he left his car two feet over on the paved portion of the highway—that is, the rear end of his car was two feet over the paved portion, the highway at that point being eighteen feet wide.

The issues framed by the pleadings were submitted to the jury, in response to which they found defendant guilty of actionable negligence in several respects, that would have required the rendition of judgment for plaintiff, but for findings convicting him of contributory negligence—that is, the jury found that the plaintiff was guilty of contributory negligence in parking and leaving his car standing on the paved portion of the highway, when it was possible to have parked off the highway; in failing to use due care for his own safety in keeping a lookout for other vehicles on the highway; and in going in front of his parked automobile at the time and place in question without keeping a proper lookout for his own safety. These findings, convicting plaintiff of contributory negligence, defeated his right to recover, notwithstanding the acts of negligence of which plaintiff was convicted.

During their deliberations the jury requested the court for an additional instruction; they wrote: "In passing upon Special Issue No. 17, the jury is unable to interpret its meaning and request the Court to instruct them further in the following particulars: Is it necessary that the entire car be stopped or parked on the paved portion of the highway in order for the jury to find that such car was so parked or stopped on the paved portion of the highway, that is, if part only of the car was stopped or parked on the paved portion of the highway, would such condition constitute the parking or stopping of the car on the paved portion of the highway?" In response to which, the court instructed the jury as follows: "It is not necessary that such car be parked entirely on the paved portion of the highway, but if any part of such car was parked or stopped on the paved portion of the highway, then such car would be stopped or parked on the paved portion of the highway within the meaning of such issue."

Plaintiff objected to this instruction and assigned error, contending that the instruction was upon the weight of the evidence. Special issue No. 17, the basis of the inquiry and additional instruction, reads as follows: "Do you find from a preponderance of the evidence that the plaintiff, Fred M. Bilbrey, at the time and place in question, parked or stopped his car on the paved portion of the highway? An-

swer 'yes' or 'no.' The jury answered 'yes.'"

■ Plaintiff having testified that he left his car parked two feet over on the paved portion of the highway, the court could have assumed that to be a fact without submitting the issue, which, in our opinion, was unnecessary in view of the admission. However, we think the answer of the court correctly interpreted the controlling statute, section 10, art. 827a, Vernon's Ann.P.C. (see Tarry Warehouse, etc., Co. v. Price (Tex.Civ.App.) 76 S.W. (2d) 162, application for writ of error dismissed). We therefore overrule plaintiff's contention that the court erred in his answer to the question propounded; however, if error was committed in the respect mentioned, in view of other findings convicting plaintiff of contributory negligence, such error was rendered harmless.

This statute makes it an offense for anyone to park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway outside of any incorporated town or city, when it is possible to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway. The Legislature having pre-empted the field and declared such an act a penal offense, and necessarily negligence per se (Thrush v. Lingo Lbr. Co. (Tex.Civ.App.) 262 S.W. 551; Greaber v. Coca-Cola Bottling Works (Tex.Civ.App.) 98 S.W.(2d) 1028), and the jury having found that it was possible, with safety, for plaintiff to have parked his car off the paved portion of the highway, the case is not ruled by the doctrine announced in either Taber v. Smith (Tex.Civ. App.) 26 S.W.(2d) 722–725; Dixie Motor Coach Corp. v. Swanson (Tex.Civ.App.) 41 S.W.(2d) 436; or Jones v. Sunshine Grocery & Market (Tex.Civ.App.) 236 S. W. 614.

■ Error is also assigned on the admission, over objection, of certain photographs of the highway at the scene of the collision, taken about eighteen months thereafter; the objection being that the evidence was hearsay and inadmissible as to plaintiff, as the photographs were taken in his absence and at a place pointed out by the defendant.

We do not think the court erred in the respect mentioned. The photographer testified that he was familiar with the highway between Dallas and Denton and knew that its condition had not been changed for several years. The defendant also testified that he was present when the pictures were taken, that they correctly represent the situation, that the next day after the accident he visited the point of collision and made some measurements, and that the highway at the time the pictures were taken was in practically the same condition as it was at the time of the accident. As this evidence tended to show that there had been no substantial change in the condition of the highway, we think the photographs were admissible. [City of Waco v. Killen (Tex.Civ.App.) 59 S.W.(2d) 940].

■ The contention is also made that the evidence does not support the finding that plaintiff failed to keep a proper lookout for his own safety. Plaintiff testified that he knew it was dangerous to stop his car upon the highway at night; that after getting out of his car and seeing that his tail and front lights were burning, he walked to the front, lifted up the crank and was bending over just enough to crank the car when the collision occurred; and that he was not paying any attention to what was coming back or down the road. The evidence, in our opinion, authorized the finding.

■■ The wisdom of the statute requiring the parking of a vehicle off the main traveled portion of the highway, when it is possible to do so, was well illustrated in the instant case. Although it was possible, as found by the jury, for plaintiff to have parked his car entirely off the traveled portion of the highway, he confessed that he did not do so, but left it standing two feet over on the traveled portion. But for this dereliction, we do not think the collision would have occurred, notwithstanding the negligence of which defendant was convicted. The evidence shows that plaintiff was seriously and perhaps permanently injured, but in view of the situation presented we do not think he can recover. As the evidence sustains the finding of the jury, they are adopted as our conclusions on the respective issues. After giving due consideration to each assignment and proposition urged for reversal, and finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.