### RICHARDSON v. MISSOURI–K.–T. R. CO. OF TEXAS.

No. 14870.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 24, 1947.

Rehearing Denied Nov. 21, 1947.

Webb, Elliott & Rogers, of Sherman, for appellant.

G. H. Penland and M. E. Clinton, both of Dallas, Freeman, Woolfe & Keith, of Sherman, Gullett & Gullett, of Denison, and Touchstone, Wight, Gormley & Touchstone and O. O. Touchstone, all of Dallas, for appellee.

HALL, Justice.

This is a well developed case, the record consisting of a 756-page statement of facts, a transcript of 148 pages, plus a motion picture film and other photographs. The suit was filed by appellant, S. A. Richardson, in the District Court of Grayson County, Texas for personal injury damages under the Federal Employers' Liability Act, 45 U. S.C.A., § 51, against appellee, Missouri-Kansas-Texas Railroad Company of Texas. Appellant Richardson, while operating a shaper machine in a planing mill of appellee's machine shop in Denison, Texas, received an injury which cut his three middle fingers off of his right hand and sustained permanent injury to his right thumb. The trial was to a jury, which found appellant was damaged in the sum of $6,000 but because of his contributory negligence he was only entitled to recover $3,000, and he, being dissatisfied with such finding, perfects this appeal, predicated upon six points of error, to-wit: The trial court erred in allowing the introduction of appellee's exhibit No. 19, the same being a technicolor motion picture, for the reasons,—(1) the same was self-serving; (2) the same was hearsay; (3) because no proper predicate for the introduction thereof was laid; (4) because the picture was repetitious; (5) because the same was irrelevant, highly prejudicial, and inflammatory.

His sixth point was leveled at the trial court's refusal to submit to the jury the definition of circumstantial evidence.

The facts show that appellant Richardson had been working for the appellee in its planing mills as a machine carpenter since 1922. His job at the time of the injury included the work on all power-driven woodwork machines in the mill, including the shaper machine, the one on which he was injured. He testified that this machine was the fastest running machine in the mill, that it was composed of an iron table top approximately 3½ feet above the floor and approximately 3½ feet wide and 6 feet long. On top of the table are two heads, located approximately 2 feet from each end of the same. The shaper head is approximately 5 inches across, into which various sizes of knives are fitted; that it makes around 7,000 revolutions per minute. On top of the table and running diagonally across the same is an adjustable wooden gauge, which extends on each side of the cutting head, is approx-

imately 2½ inches thick and 4 inches wide. This gauge is adjusted so that when lumber is held firmly against the table and wooden gauge while being pushed past the revolving shaper head, the desired groove or cut is made in the timber. The machine would do better work when the lumber was held either mechanically or by hand down against the table and pushed over against the gauge as it passed the cutting head. The machine was also equipped with a lumber block or guard, which was to protect the worker from the saws. The shaper head revolved in a clockwise direction with the clock facing up, so that when the lumber is pushed past it, it tends to push the lumber back toward the operator. He further testified that the operator in order to cut small pieces of lumber would have to use his right hand on the front of the piece of timber to be worked and his left hand behind it, thereby holding the lumber down on the table against the gauge and pushing it past the cutting gauge and that the guard on the machine was made for large pieces of timber. At the instance in which plaintiff received his injury, he had picked up a piece of lumber which was 13/16th of an inch thick and 1¾ inches or 2 inches wide and practically 2 feet long. He turned on the machine, placed his right hand at the front of the lumber and his left hand about 6 inches from the back of it and after his right hand had passed the shaper head, the machine made an awful noise and popped and when it did it caught the piece of material in it, hand and all. The lumber broke and jerked his hand into the head. The piece of lumber on which appellant was working at the time of the injury was never found. He was in the process of testing the machine with such small piece of lumber.

The appellee, among other things, answered by denying that the shaper machine was in any manner defective and plead that the accident in question was caused solely by the failure of appellant Richardson to use ordinary case for his own safety, and by his own negligence and carelessness caused the accident in question, and that he was negligent in the following respects:

In not using the guard; in not removing the half round knives and replacing them with beveled knives; in experimenting with the half round knives; in experimenting with the scrap of lumber not suitable in size; in disregarding the written standard rules of the company as to using guards; in not using fully the services of his helper; in the manner in which he, the said plaintiff Richardson, held the board in his hands; in not using the two boards available for his use which were about 15 feet in length, and other grounds which we will not mention at this time, with the exception that in appellee's trial amendment it added these additional specifications in which the appellant failed to use ordinary care:

"In not removing the half round knives and replacing them with other knives; in failing to adjust the shaper machine adjustments before undertaking the work in which he was engaged at the time of the accident; in putting his right hand in front of the cutting head, in that he shoved the board he was using further than was necessary past the cutting head."

The jury found, among other things, the following:

The failure of the appellee to furnish a tension shoe was not negligence.

The appellee was negligent in failing to furnish tension springs, which was a proximate cause of plaintiff's injuries.

That the cutting head of the shaper machine did not shimmy and vibrate.

That the appellee's negligence in furnishing the plaintiff a machine without proper protecting guards proximately caused appellant's injuries.

The appellee did not fail to properly inspect the cutting head of said machine.

The appellee did not fail to repair the machine to prevent it from shimmying and vibrating.

That the injury was not occasioned by an unavoidable accident.

That the appellant was not negligent in failing to use a guard on the machine.

That appellant was not negligent in failing to remove the half round knives of said machine.

That the appellant was not experimenting with said half round knives or a scrap of lumber not suitable in size and type for the machine.

That the appellant did not fail to use the right kind of knives for the operation of the machine.

That appellant was not negligent in disregarding a company rule requiring the operator to use guards on said machine.

That the appellant was not negligent in failing to adjust the shaper machine before undertaking the work.

That the appellant did not shove the board he was using further than necessary past the cutting head.

That appellant's negligence in the manner in which he held the board in his hands, the way in which he used the shaper machine and in putting his right hand in front of the cutting head was all found by the jury to be a proximate cause of his injuries but not the sole proximate cause of the same.

It is the contention of appellant that the moving picture was merely self-serving, in that it attempted to reconstruct the scene of the injury of appellant over nine months after the date of the injury and that the actor in the picture, to-wit: Leo Burleson, foreman of the shop, was not present at the time of the injury, which makes his actions in the picture hearsay, and that such hearsay picture made an indelible impression upon the jury to such an extent that the jury took it as a scene of the injury rather than an experiment of appellee, and that by the use of such skillfully technical picture, the appellee took from the appellant the sum of $3,000.

■ The rules and regulations surrounding the introduction of a motion picture are the same that surround the introduction of a still photograph. 32 C.J.S., Evidence, § 709. The same authority holds that a photograph is admissible as secondary evidence of objects which cannot for one reason or another be produced in court, that they are admissible as demonstrative evidence.

■■ The appellant complains because he was not present or was not notified of the taking of the picture. This contention was settled as far back as 1904 in the case of Hawkins v. Missouri, Kansas & Texas Railroad Co., 36 Tex.Civ.App. 633, 83 S.W. 52. Before a photograph or moving picture may be admitted into evidence, it must be shown by extrinsic evidence to be a true and faithful representation of the place or object it purports to represent as it existed at the time pertinent to the injury. It is not necessary, however, that the situation or condition should be precisely the same, but it is sufficient if the situation is substantially unchanged. Bilbrey v. Gentle, Tex.Civ.App., 107 S.W.2d 597, writ refused. The fact that the photograph is incorrect in some particulars does not render it inadmissible but affects its weight. Blake v. Harding, 54 Utah 158, 180 P. 172; 32 C.J.S., Evidence, § 715; 20 Amer.Jur. p. 613, sec. 734; Bilbrey v. Gentle, supra.

■ The appellant's theory advanced in point one, leveled against the introduction of the picture because the same was self-serving, is based on the assumption that the picture shows a scene of the foreman of the shop demonstrating how the appellant's hand could be caught and run through the blades. This objection is not well taken, because even though it was detrimental to the theory of appellant's case, yet it demonstrates by experiment appellee's affirmative defenses to the effect that the appellant was negligent in placing his hand in front of the machine and in the way and manner he operated the same. Experiments have been held by our state courts to be admissible. In the case of Houston, E. & W. T. Ry. Co. v. Sherman et al., Tex.Com.App., 42 S.W.2d 241, 245, it is stated: "It is permissible to prove the existence or non existence of a fact by experiments made for that purpose, under circumstances substantially the same as those existing at the time of the occurrence or nonoccurrence of the alleged fact." See also Panhandle & S. F. Ry. Co. et al. v. Haywood, Tex.Civ.App., 227 S.W. 347, writ refused; Jewel Tea Co., Inc. et al. v. McCrary, 197 Ark. 294, 122 S.W.2d 534; James v. Bailey Reynolds Chandelier Co., 325 Mo. 1054, 30 S.W.2d 118; Potts v. People, 114 Colo. 253, 158 P.2d 739, 159 A.L.R. 1410; Lynch v. Missouri-Kansas-Texas R. Co., 333 Mo. 89, 61 S.W.2d 918, 921.

In the case last cited above, it is stated: "The admission or exclusion of experimental evidence rests largely in the discretion of the trial court. The rule, supported by authorities from many jurisdictions, is thus stated in Jones' Commentaries on the Law of Evidence (2d Ed.) Vol. II, § 740, p. 1376:

'The appellate courts have quite uniformly maintained a very common-sense attitude with regard to the admission or rejection of experimental evidence in the court below. Admission of evidence of experiments, or permitting them to be performed in court, is a matter peculiarly within the discretion of the trial judge. His discretion in this regard should not be interfered with on appeal unless it is manifest that it has been abused. One reason for the rule leaving the admission or rejection of experimental evidence to the discretion of the trial court is that such a court is in a better position than the appellate court to judge of the similarity of conditions. But a much stronger reason is that the trial judge should not be hampered by arbitrary rules which, if drawn in detail as to this class of evidence, would obviously be so technical as to be difficult of application and productive of appeals.' "

This contention of appellant is therefore overruled.

■■ Appellant's second point of error is leveled at the motion picture because the same was hearsay. The main test to determine whether picture testimony is hearsay is as to whether or not it is subject to cross examination through the witness who verifies and uses it. Wigmore on Evidence, 3d Ed., Vol. 3, p. 178. In this case appellant vigorously cross examined Burleson, the actor in the picture, on all points which he deemed vital to the destruction of the effect the picture may have had on the jury. The witness Burleson testified under appellant's cross examination that he did not know how the machine was being operated at the time appellant was injured, that he did not know the condition of the machine at that time, that he did not know the condition of the machine at the time of the injury, but that he did know the condition of the machine before the injury and after the injury; that he did not know how the fingers of appellant were caught in the machine and that therefore his experiments did not undertake to show how appellant was operating it at the time. He did testify that the machine and everything in the picture, including its operations, was substantially the same when the picture was made as it had always been. Wigmore, on the same page supra, states the following:

"A photograph, like a map or diagram, is a witness' pictured expression of the data observed by him and therein communicated to the tribunal more accurately than by words. Its use for this purpose is sanctioned beyond question.

"A map, model or diagram, though made out of court, is nevertheless subject to cross examination through the witness who verifies and uses it. Hence the objection based on the hearsay rule that it is prepared 'ex parte' is groundless." Also paragraph 1385 same text.

We, therefore, overrule appellant's contention as set out in point No. 2.

■ Appellant complains in his third point that the motion picture should not have been introduced for the lack of a proper predicate. We disagree with appellant on this point, because sufficient verification of the picture was made by the testimony of the witness, Leo Burleson, who testified that he had been with the Company as a wood worker and as foreman since 1924; that after having seen the pictures run three times, they correctly show the operation of the machine and its objects; that he was present when the machine was installed some ten years before the accident; that it had been in the same spot ever since and had been in the same general condition ever since except two repairs made about five years before the accident; that it was in the same condition a few days before the accident and in the same condition a few days after the accident and was in the same condition at the time the pictures were made; that it operated on the day of making the pictures with the same speed and accuracy as it had done all through the years; that its operations at the time of taking the pictures were normal; that the pictures fairly, faithfully and accurately show the operation of the machine.

This testimony is sufficient to lay the predicate for the introduction of the photograph under the Texas decision, to-wit, Wise v. City of Abilene, Tex.Civ.App., 141 S.W.2d 400, writ dismissed, correct judgment. Therefore, it is not necessary that the picture be proved up by the photographer who took it. The verifying witness need not be present when the picture was

824

taken, and, as above stated, it is not necessary that the party objecting to the admission of the photograph should have been present when it was taken or that he should have exercised any control in respect thereof. 32 C.J.S., Evidence, § 715. But in addition to the verifying of this picture by a competent witness, the appellee also offered the following by the photographer who took the picture:

Mr. D. S. Jameson, who was the operator of the moving picture machine and made the film, testified that his camera was in a natural and normal position, that the speed at which he took the picture made the action of the picture normal, that the picture was correctly made, that in every respect it faithfully, fairly and accurately portrays the machine, its operations and the objects shown by it; that it was shown in a normal correct position, and that the film was correctly developed. On cross examination he admitted to be an expert in the taking of pictures.

We, therefore, overrule appellant's point No. 3.

We will discuss points Nos. 4 and 5 together, point 4 being leveled at the picture because the same was repetitious, and point 5 because the same was irrelevant, highly prejudicial and inflammatory.

All the authorities recognize the law to be that when a photograph or motion picture is sufficiently verified and is a proper representation of an important fact in issue and that it is instructive on preliminary questions to be determined by the tryer of the facts, the admission or rejection of the picture is a matter which rests largely in the discretion of the trial judge, and that his decision in the matter will not be disturbed by the appellate courts unless he has arbitrarily exercised such wide discretion. The question is not whether he acted wisely in allowing this picture to become part of the evidence but the question for us to decide is, did he abuse his discretion by doing so? In some cases a court may not abuse his discretion in either allowing or in disallowing the same picture. However, in the case of Empire Gas & Fuel Co. v. Mugge et al.,Tex.Civ.App., 116 S.W.2d 758, the court held that the exclusion of the photo-

graph of the scene of the accident, taken seven months after the accident, was not an abusive discretion by the court, but the Supreme Court in the same case, through its Commission of Appeals, in 135 Tex. 520, 143 S.W.2d 763, at page 769, ordered the photograph to be admitted in record and stated that the objections to the photograph (being that the same does not show the exact conditions at the time of the accident) went to the weight rather than to the admissibility.

In the case of Cincinnati, N. O. & T. P. Ry. Co. v. Duvall, 263 Ky. 387, 92 S.W.2d 363, this court of last resort held in an action by a passenger for injuries alleged to have been received while stepping from a station platform to the first step of a railroad car, that it was error to refuse to admit a photograph showing another lady at another time attempting to board the identical car by the same step from the identical spot on the same platform.

In the case of the City of Waco v. Killen et al., Tex.Civ.App., 59 S.W.2d 940, writ dismissed, the court permitted the appellee to introduce in evidence a photograph of the scene of the accident taken approximately three years afterwards and after some change of conditions.

It was held as far back as 1891, in the case of Missouri, K. T. Ry. Co. v. Moore, 4 Willson Civ.Cas.Ct.App. § 214, 15 S.W. 714, that it was error to exclude evidence as to contributory negligence when that plea has been made, as was done in the instant case, where the map and photograph of the accident tended to show the distances from which an approaching train could be seen by a person intending to cross the track. Other cases in point are: Philippi v. New York, C. & St. L. R. Co., Mo.App., 136 S.W.2d 339; Morris v. E. I. Du Pont De Nemours & Co. et al., 346 Mo. 126, 139 S.W.2d 984, 129 A.L.R. 352; City of Waco v. Criswell, Tex.Civ.App., 168 S.W.2d 272, writ refused, want of merit; Fort Worth & D. C. Ry. Co. v. Kiel, Tex.Civ.App., 195 S.W.2d 405, writ refused, no reversible error.

The record reflects some 15 pages of testimony, argument and investigation had between the trial court and the attorneys in making up his mind as to whether or not the

picture should have been admitted in evidence. We have seen the motion picture and do not find anything in it that prejudices the rights of the appellant. Some parts of the moving picture are repetitious of appellee's exhibits one to five, which are photographs of the machine, four of which the appellant did not object to, nor does he complain to this court of their introduction.

The attorney for the appellee, while appellant was cross-examining the witness Burleson, objected before the jury to the questions propounded relative to the moving picture being a correct view of the scene of the accident and stated before the jury in his objections the following: "We object to that because it is not offered for that, it is offered to show the operation of the machine not to depict the plaintiff * * * but the purpose of the picture is to show the normal operation of the machine and this witness observed that before he left and after he came back it was in the same condition and had been in the same condition all times since * * * the picture does not purport to show the plaintiff but showing the machine in its normal operation." Still on cross-examination the appellant asked this question to the witness Burleson: "In other words, the only thing that you do actually know about what appears in the picture, September, 1946, is that you were in it and that you were not in and around that scene at the time of the injury," to which he answered: "I know I am in it and I know I was not around the machine when he was hurt." The objection goes to the weight and not to the admissibility.

We, therefore, overrule appellant's points Nos. 4 and 5.

The trial court refused the appellant's requested charge on circumstantial evidence, and his sixth point of error is directed to this action of the trial court. He cites cases in support of his contention, which hold that such instruction is proper in civil cases and that where the evidence in the case is in part circumstantial, that the instruction should be given. To this we agree. We have searched the record in this case closely and do not find any evidence and any facts proved by circumstantial evidence in behalf of the appellant; neither does he cite us any such testimony that would require the submission of the definition and instruction. He gives for his reason, however, the fact that he desired to argue before the jury that since the cutting head of the machine caught the lumber upon which appellant was working, thereby pulling appellant's hand and the lumber back into the cutting head, that the machine evidently chewed up the piece of lumber upon which appellant was working. If it had given appellant comfort to have argued such facts and circumstances made from his deductions of the testimony, we do not know of any rule that would have kept him from doing so, but we find appellant's testimony surrounding the scene of the injury and how it occurred was proved by eyewitnesses, and therefore any statement made as to what became of the stick would be more or less of a conclusion based on a deduction from what had been proven by direct testimony.

We are convinced that the case was fairly tried; therefore, we overrule all of appellant's assignments of error and affirm the judgment of the trial court.

### On Motion for Rehearing

Our holding that the trial court did not commit reversible error in refusing the requested charge on circumstantial evidence appears to be in harmony with the decision of the Supreme Court in Johnson v. Zurich Gen. Acc. & Lia. Ins. Co., 205 S.W.2d 353, not yet reported [in State Reports].

We have carefully considered all assignments of error in the motion for rehearing, and are of opinion that the motion should be overruled.