372 P.2d 985

Dennis J. HARVEY, by his guardian ad litem, Charles R. Harvey, Plaintiff and Appellant,

v.

Dean J. HADFIELD, d/b/a Hadfield's, Defendant and Respondent.

No. 9597.

Supreme Court of Utah.

June 28, 1962.

1. Ackerman v. Bramwell Inv. Co., 80 Utah 52, 12 P.2d 623 (1932); Pritchard v. Strike, 66 Utah 394, 243 P. 114, 44 A.L.R. 1348 (1926).

Daines & Thomas, Logan, for appellant.

Olson & Calderwood, Logan, for respondent.

CROCKETT, Justice.

Plaintiff, a minor, sues by his guardian ad litem to recover $1,000 he had advanced defendant under a proposed contract to buy a house-trailer. From adverse judgment he appeals.

Plaintiff, a student attending college at Logan, turned 19 years of age on the 13th day of October, 1959. A few days after his birthday he quit school and got a job. In the latter part of October he went to the defendant's lot and selected a trailer he liked. He told the defendant of the above facts; of his plans to be married; and that he desired to buy the trailer. The defendant advised him that he would have to get his father's signature to get financing through the defendant.

Plaintiff responded that he thought he could arrange financing and that he could raise a thousand dollars as a down payment. He paid $500 on November 6 and another $500 on November 13 and applied for financing at the bank. The bank finally refused to accept his application for a loan because of his minority and because his father would not sign with him.

After plaintiff's plans failed to materialize, he asked the defendant to return his money. Defendant refused but finally did agree to a statement which the plaintiff typed up and which both signed. It released the trailer in question for sale and granted plaintiff $1,000 (plus interest) credit on a trailer of his choice the next spring. About February 1, 1960, plaintiff's attorney sent a letter to the defendant disaffirming the contract and demanding the return of his money. Upon refusal, this suit was commenced.

Since time immemorial courts have quite generally recognized the justice and propriety of refusing to enforce contracts

against minors, except for necessities.[1] It is fair to assume that because of their immaturity they may lack the judgment, experience and will power which they should have to bind themselves to what may turn out to be burdensome and long-lasting obligations. Consequently courts are properly solicitous of their rights and afford them protection from being taken advantage of by designing persons, and from their own imprudent acts, by allowing them to disaffirm contracts entered into during minority which upon more mature reflection they conclude are undesirable. We agree that justice requires that minors have such protection. It is the responsibility of our courts to so safeguard their rights until they have attained their majority and thus presumably have the maturity of judgment necessary to deal with opposing parties on equal terms so that it is fair and equitable to bind them by their acts. Accordingly, adults dealing with minors must be deemed to do so in an awareness of the privilege the law affords the minor of disaffirming his contracts.[2] The rule relating to disaffirmance is codified in our law, Sec. 15–2–2, U.C.A.1953:

> "A minor is bound not only for reasonable value of necessaries but also by his contracts, unless he disaffirms

them before or within a reasonable time after he attains his majority and restores to the other party all money or property received by him by virtue of said contracts and remaining within his control at any time after attaining his majority."

Defendant advances three propositions which he claims exclude this case from the general rule allowing a minor to disaffirm:

(1) That even though the subsequent agreement allowing plaintiff a $1,000 credit on another trailer was disaffirmed, there was no disaffirmance of the original contract to purchase a trailer.

(2) That this transaction falls within this exception provided for in Sec. 15–2–3: "No contract can be thus disaffirmed in cases where, on account of the minor's own misrepresentations as to his majority or from his having engaged in business as an adult, the other party had good reason to believe the minor capable of contracting."

(3) That even if the contract be disaffirmed, he is entitled to an offset of the actual damages he has sustained from loss of sale of the trailer from the $1,000.

■ As to (1) above: the argument is but sophistry. Any realistic analysis of

---

1. See Williston on Contracts, Sec. 223, citing decisions dating back to 1292 A.D.; see also 27 Am.Jur. 753, et seq.

2. See 43 C.J.S. Infants § 19, p. 81 and authorities there cited.

the defendant's dealings with this young man will show that they related to but one transaction: the proposed sale and purchase of a trailer. It is unmistakably clear that the plaintiff paid him $1,000 which was to be applied upon the purchase; that the plan failed; that defendant sold his trailer to another; and that plaintiff disaffirmed his contract and asked for his money back. Even accepting defendant's postulate of two separate contracts would avail him nothing. It could not be escaped that the first was mutually rescinded and replaced by the new one, which plaintiff expressly disaffirmed.

■■ As to (2): defendant urges that from the fact that the plaintiff was "on his own"; living away from home; working; and contemplating marriage, he could reasonably regard him as "engaged in business as an adult" and that he was therefore capable of entering into a binding contract. The defendant's position is not sound. Section 3, which precludes disaffirmance if from the minor's "having engaged in business as an adult, the other party had good reason to believe the minor capable of contracting," was not intended simply to make the other party a judge of the abilities of the minor and to enable him to bind the latter if he thinks the minor is sufficiently intelligent and perspicacious that he should be bound by his contract.

Its purpose is to protect the other party if the minor has engaged in business so that the other party, even though using ordinary caution and prudence, is nevertheless justifiably misled into believing that he is dealing with an adult capable of contracting. But it does not protect one who contracts with a minor having full knowledge of his non-age and disability. In our case there was no possibility of the defendant's having good reason to believe that the plaintiff was capable of contracting. It is undisputed that he was fully aware of the plaintiff's minority and that the parties discussed this fact and the necessity of getting plaintiff's father to sign with him in order to obtain finances.

■ As to (3): here, likewise, our statute cannot be tortured to support the defendant's contention: that the disaffirming minor must compensate him for damages he may have incurred. Sec. 15–2–2, U.C.A. 1953, hereinabove quoted, requires only that the minor restore "to the other party all money or property received by him by virtue of said contracts and remaining within his control at any time after attaining his majority." The trailer was left in the possession of the defendant. That fulfills the requirement of the statute.[3]

The plaintiff minor having disaffirmed the contract is entitled to the return of his

---

3. See Merchants' Credit Bureau v. Kaoru Akiyama, 64 Utah 364, 230 P. 1017; and Blake v. Harding, 54 Utah 58, 180 P. 172.

money. The judgment is reversed. Costs to plaintiff (appellant).

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.