Larry **SWALBERG**, Plaintiff and Appellee,

v.

Todd **HANNEGAN**, Defendant and Appellant.

No. 930313–CA.

Court of Appeals of Utah.

Oct. 21, 1994.

Dean N. Zabriskie, Provo, for appellant.

Bret B. Hicken, Spanish Fork, for appellee.

Before BENCH, DAVIS and ORME, JJ.

OPINION

BENCH, Judge:

Defendant minor challenges the trial court's grant of summary judgment ordering him to restore plaintiff adult to his precontractual status, although defendant had disaffirmed his contract with plaintiff. We reverse and remand.

FACTS

 In reviewing the trial court's ruling on a motion for summary judgment, "we accept the facts and inferences in the light most favorable to the losing party." *Winegar v. Froerer Corp.*, 813 P.2d 104, 107 (Utah 1991). We recite the facts accordingly.

In 1990, defendant contracted with plaintiff to purchase plaintiff's 1974 Ford truck for $2,500. Defendant's minority was apparently not discussed when the parties entered into the contract and there is no allegation that defendant made any misrepresentation as to his age. Defendant paid plaintiff $640 on the date of sale and agreed to pay the balance of

$1,860 three months later. Rather than paying the balance, however, defendant disaffirmed the contract on the basis of his minority. Plaintiff filed a complaint asking that the contract be enforced or, in the alternative, that the truck be returned and that defendant be held responsible for the reasonable value of his use of the truck or for the amount it depreciated while in defendant's possession. Thereafter, while defendant was still a minor, plaintiff obtained possession of the truck.

Both defendant and plaintiff filed motions for summary judgment. Plaintiff argued that when defendant disaffirmed the contract, defendant did not properly "restore" the truck under Utah Code Ann. § 15–2–2 (1986) since he purchased it for $2,500 and returned it in a condition worth only $700. The court granted plaintiff's motion and awarded him $1,160, which was the remaining balance minus the value placed upon the truck in its returned condition. Defendant now appeals the trial court's order granting summary judgment in favor of plaintiff.

## ANALYSIS

◾ The dispositive issue on appeal is whether a minor who disaffirms a contract is required to restore the full value of the property received under the contract. Defendant argues that Utah law does not require a disaffirming minor to restore the other party to his or her precontractual status. We agree.

Utah Code Ann. § 15–2–2 (1986) provides:
A minor is bound not only for the reasonable value of necessities but also for his contracts, unless he disaffirms them before or within a reasonable time after he obtains his majority and *restores to the other party all money or property received by him by virtue of said contracts and remaining within his control at any time after attaining his majority.*

*Id.* (emphasis added). This statute requires only that the property remaining within the minor's control be returned to the other party. The trial court held, however, that defendant was required to return the property in its original condition or be liable for the difference in value. This holding is clearly contrary to the provisions of this unamended nineteenth century statute, as interpreted by controlling Utah case law.

In *Blake v. Harding,* 54 Utah 158, 180 P. 172 (1919), a minor sold a pony, harness, and buggy to an adult at an agreed value of $150, for which the adult delivered 3,000 shares of stock in a mining company. The minor later disaffirmed the contract and returned the stock to the adult. The minor sued to recover $150 since the adult had sold the pony, harness, and buggy. The jury was instructed that "if you believe that the contract in evidence was fair and reasonable, and was free from any fraud or bad faith on the part of the [adult], and if you further find that the mining stock traded to the [minor] by the [adult] is now worthless, the [minor] is not entitled to recover in this action." *Id.* 180 P. at 173. A jury returned a verdict in favor of the adult. The Utah Supreme Court reversed the verdict and held that the jury instruction was in "direct conflict with our statute." *Id.* 180 P. at 174. The supreme court stated that this jury instruction would require the minor to place the adult in his precontractual status, which would "disregard and misapply the purpose of the law. The law is intended for the benefit and protection of the minor; and hence an adult, in dealing with a minor, assumes all the risk of loss." *Id.*

Further, in *Harvey v. Hadfield,* 13 Utah 2d 258, 372 P.2d 985 (1962), a minor contracted with an adult to buy a house-trailer. The minor paid $1,000 as a down payment without selecting a trailer. The minor later disaffirmed the contract, requesting the return of his money. When the adult refused to return the money, the minor brought an action against the adult. The trial court returned a judgment in favor of the adult. The Utah Supreme Court reversed the trial court, holding that the minor could recover the down payment without compensating the adult for the loss of a sale. The supreme court stated that section 15–2–2 "cannot be tortured to support the [adult's] contention[ ] that the disaffirming minor must compensate [the adult] for damages [the adult] may have

incurred" so long as the property is returned to the adult. *Id.* 372 P.2d at 987.

 In view of these Utah cases interpreting the language of section 15–2–2, the trial court erred in requiring defendant to restore plaintiff to his precontractual status. *See also Merchants' Credit Bureau v. Kaoru Akiyama*, 64 Utah 364, 371, 230 P. 1017, 1020 (1924) (stating that if minor "has squandered [property] during his minority, he is not required to restore the property in order to effectuate the disaffirmance").

## CONCLUSION

Section 15–2–2 requires that a disaffirming minor must only return the property remaining within his or her control. The Utah Supreme Court has interpreted this statute to allow a minor to effectively disaffirm the underlying contract without restoring the full value of the property received under the contract. Although we do not necessarily believe in the wisdom of this approach, we are not in a position to hold contrary to controlling case law under the doctrine of stare decisis. *See State v. Thurman,* 846 P.2d 1256, 1269 (Utah 1993). If a contracting and disaffirming minor is to be held responsible for waste of property received under a contract, it is for the legislature to so provide. Alternatively, the supreme court might, under the fairly demanding requirements of *State v. Menzies,* 235 Utah Adv. Rep. 23, 24–26, 1994 WL 110861 (Utah 1994), overrule existing case law.

We reverse the trial court's grant of summary judgment in favor of plaintiff, and remand the case for further proceedings.

DAVIS and ORME, JJ., concur.